TUCSON MEDICAL CENTER, Plaintiff,

v.

Margaret M. HECKLER, Defendant.

DISTRICT OF COLUMBIA GENERAL HOSPITAL, et al., Plaintiffs,

v.

Margaret M. HECKLER, Defendant.

GEORGETOWN UNIVERSITY HOSPITAL, et al., Plaintiffs,

v.

Margaret M. HECKLER, Defendant.

CAPITOL HILL HOSPITAL, et al., Plaintiffs,

v.

Margaret M. HECKLER, Defendant.

WASHINGTON HOSPITAL CENTER, et al., Plaintiffs,

v.

Margaret M. HECKLER, Defendant.

Civ. A. Nos. 84–2437, 84–2496, 84–3484, 85–0729 and 85–0766.

United States District Court, District of Columbia.

June 19, 1985.

Ronald N. Sutter, Powers, Pyles, Sutter & O'Hare, Washington, D.C., for plaintiffs.

Joseph DiGenova, U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., Stephen B. Weiss, Atty., Health Care Financing and Human Development Services Div., Office of the General Counsel, Department of Health & Human Services, Washington, D.C., for defendant.

MEMORANDUM

OBERDORFER, District Judge.

I.

For cost reporting years before October 1, 1983, Medicare[1] applied its "cost reimbursement system" to repay hospitals that had furnished inpatient services to Medicare patients. Under this system, Medi-

---

**1.** Medicare as used here refers to the program created by Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*

care determined the "reasonable cost" of the inpatient services that a hospital had provided to patients, and then reimbursed the hospitals in that amount or in the amount of the hospital's customary charges, whichever was less. 42 U.S.C. § 1395f(b). At the close of a fiscal year, a hospital would submit a cost report to its "fiscal intermediary," usually an insurance company to which the Secretary had contracted part of the program's audit and payment functions. *See* 42 U.S.C. § 1395h(a). The intermediary would review the cost report and would then issue a "notice of amount of program reimbursement" (NPR). 42 C.F.R. § 405.1803(c) (1982). A hospital that was dissatisfied with an intermediary's NPR could seek a hearing before the Provider Reimbursement Review Board (PRRB or Board). 42 U.S.C. § 1395oo(a)(1)(A) (1982).

Under legislation that applies to cost reporting periods beginning on or after October 1, 1983, Medicare will continue to reimburse medical education and capital costs under the "reasonable cost" system. 42 U.S.C. § 1395ww(a)(4). Inpatient operating costs, however, will be paid for on the basis of prospectively determined rates. *See* 42 U.S.C. § 1395ww(d). Under the prospective payment system (PPS), Medicare will pay hospitals for inpatient operating costs based on a standard national rate for each discharge, adjusted for the complexity of each hospital's case mix. 42 U.S.C. §§ 1395ww(d)(1)(A)(iii), (3).

The plaintiffs in these consolidated cases [2] are not-for-profit hospitals, each of which submitted a cost report on its "base year," a prior cost reporting year which provides one of the two elements from which prospective rates are calculated by a fiscal intermediary. Plaintiffs' fiscal intermediaries refused to use a wage index that included federal government hospital data in calculating plaintiffs' base year

costs for the "hospital-specific portion" of PPS. The intermediary for each plaintiff issued a Notice of Base Period Costs and Target Amount for each plaintiff's first PPS year. *See* Plaintiff's Motion for Summary Judgment in *Tucson v. Heckler*, C.A. No. 84–2437, Exhibit 12 (hereinafter "Plaintiffs' Exhibit"). The Notice stated that

the target amount is final and not subject to any change after the beginning of your fiscal year under the prospective payment system.

*Id.* at 2. Each plaintiff appealed the intermediary's determination to the PRRB. *See* Plaintiffs' Exhibit 13.

The Board, relying on Health Care Financing Administration Ruling (HCFAR) 84–1,[3] declined to accept the plaintiffs' hearing requests. *See* Plaintiffs' Exhibit 4. According to HCFAR 84–1, an intermediary's estimation of a hospital's base year costs under the PPS is not final and therefore is not reviewable until *after* an intermediary has issued an NPR. As a result, the plaintiffs will not be able to obtain Board review of what is supposed to be a *prospective* rate of payment until after the intermediary makes a final determination as to *reimbursement* for a particular year—nearly two and a half years after the commencement of the PPS year.

The plaintiffs challenge HCFAR 84–1 on the ground that it is inconsistent with 42 U.S.C. § 1395oo(a), the statute that governs PRRB appeals. Plaintiffs also argue that the ruling is inconsistent with the Secretary's other regulations, which provide that an intermediary's prepayment determination is "final." The plaintiffs seek a declaratory judgment that HCFAR 84–1 is invalid and that the Board has jurisdiction over plaintiffs' appeals under the PPS. For relief, plaintiffs seek an order remanding the dispute to the PRRB so that it can consider the merits of plaintiffs' challenges.

---

**2.** An accompanying order will consolidate the several cases that raise the identical issue: *Tucson Medical Center v. Heckler*, C.A. No. 84–2437; *District of Columbia General Hospital v. Heckler*, C.A. No. 84–2496; *Georgetown University Hospital v. Heckler*, C.A. No. 84–3484; *Capitol Hill*

*Hospital v. Heckler*, C.A. No. 85–0729; *Washington Hospital Center v. Heckler*, C.A. No. 85–0766.

**3.** 49 Fed.Reg. 22,413–15 (1984).

## II.

### A.

There is a threshold question of this Court's jurisdiction. Defendant challenges it on the theory that the Board's action is not final and therefore not reviewable. Plaintiffs contend that the Board's refusal to take jurisdiction of the appeal is itself a final decision that may be reviewed under section 1395*oo*.

■ Despite the strict limits on judicial review of Medicare reimbursement decisions,[4] plaintiffs prevail on this issue because they seek review only of the jurisdiction decision, not of the substantive claims to be argued before the PRRB. The Court may, under these circumstances, properly exercise jurisdiction over the plaintiffs' appeal from the PRRB's refusal to take jurisdiction. *Athens Community Hospital, Inc. v. Schweiker,* 686 F.2d 989, 992–94 (D.C.Cir.1982).

### B.

The statutory provision which controls the commencement of PRRB appeals is 42 U.S.C. § 1395*oo*(a). It provides:

Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... *and ... any hospital which receives payments in amounts computed under [the PPS system] and which has submitted such reports within such time as the Secretary may require in order to make payment under such section may obtain a hearing with respect to such payment by the Board,* if

(1) such provider—

(A)(*i*) is dissatisfied with a final determination of the organization serving as its fiscal intermediary ... as to the amount of total program reimbursement due the provider for the items and services furnished to individuals for which payment may be made under this subchapter for the period covered by such report, *or*

(*ii*) *is dissatisfied with a final determination of the Secretary as to the amount of the payment under [the PPS system] ....*

\*　　\*　　\*　　\*　　\*　　\*

(2) the amount in controversy is $10,000 or more, and

(3) such provider files a request for a hearing within 180 days after notice of the intermediary's final determination under paragraph (1)(A)*(i)*, or with respect to appeals under paragraph *(1)(A)(ii)*, *180 days after notice of the Secretary's final determination.*

The emphasized portions of § 1395*oo* were added pursuant to the legislation that established the PPS system. *See* Social Security Amendments of 1983, § 602(h)(1), Pub.L. 98–21, 97 Stat. 65, 165.

Section 1395*oo*(a) clearly contemplates two different kinds of appeal. One begins when the intermediary issues an NPR; the other, when the intermediary issues a notice of what will be paid under the PPS system. The quoted language suggests that an appeal from a PPS determination is available when the provider "has submitted such reports within such time as the Secretary may require in order to make payment under such section" so long as a provider files its request for a hearing before the PRRB within "180 days after notice of the Secretary's *final* determination." Section 1395*oo*(a) (emphasis added). There is no dispute that the plaintiffs have submitted the required reports in a timely fashion, nor is there any doubt that plaintiffs' appeals are timely. Further, there is no question that the amount in controversy for each plaintiff exceeds $10,000.

■ The central issue, then, is when is a PPS determination final for purposes of seeking PRRB review? According to the Secretary's HCFAR 84–1, the PPS determination is not final until the intermediary has issued an NPR. Plaintiffs claim that the PPS determination is final once the intermediary makes it. Defendant argues

---

**4.** *See, e.g., Heckler v. Ringer,* 466 U.S. 602, 104　　S.Ct. 2013, 80 L.Ed.2d 622 (1984).

that the standard for judicial review of HCFAR 84–1 is one of deference to the agency's interpretation of the jurisdictional statute. Plaintiffs respond that the Secretary's interpretation of the statute is not entitled to deference at all, because it is an interpretative ruling. Plaintiffs also point out that courts are the final arbiters of statutory construction questions, and further argue that the Secretary's ruling is entitled to no deference here because it is not supported by adequate reasoning.

HCFAR 84–1 states in conclusory fashion that an intermediary's notice of base year costs (the PPS determination) "is neither a final determination of program reimbursement nor a notice of the amount of program reimbursement as required by the statute and regulations." 49 Fed.Reg. 22,-415 (1984). But it fails to explain adequately why the PPS determination should be controlled by the NPR review provisions, particularly where Congress has taken the time to set up two entirely separate processes for initiating an appeal. Although the notice accompanying the ruling attempts to justify the Secretary's decision in the light of existing regulations, it does not contain any analysis of the relevant statutory language. The Secretary's proffered interpretation of the statute would reduce the 1983 additions to section 1395*oo*(a) to mere surplusage. The plaintiffs correctly observe what is apparent from the face of the statute: Congress patently did not impose the appeal mechanism for the cost *reimbursement* system on the new *prepayment* system.

The plaintiffs also cite several of the Secretary's regulations and interpretations, all of which treat an intermediary's determination as being *final*,[5] subject only to extremely narrow exceptions which are not relevant here. This administrative interpretation is important because 42 U.S.C. § 1395*oo*(a)(3) plainly allows a hospital to file an appeal with the PRRB if it does so "within ... 180 days after notice of the

Secretary's *final* determination ..." (emphasis added). The Notice of Base Year Costs issued to plaintiffs explicitly stated that its payment determination was "final and not subject to any change" after the beginning of the hospital's fiscal year under the PPS. Plaintiffs' Exhibit 12 at 2. Moreover, the regulations treating PPS determinations as final *preceded* HCFAR 84–1. *See* 42 C.F.R. §§ 405.474(b)(1)(iv), (v) (published at 48 Fed.Reg. 39,825 (1983)). In addition, on at least 31 separate occasions, the PRRB agreed to hear an appeal from an intermediary's determination without awaiting the issuance of an NPR. *See* Plaintiffs' Exhibit 5. Thus, to the extent that contemporaneous agency interpretation of a controlling statute is an issue, it is apparent that HCFAR 84–1 reflects, at best, an unreasoned reversal of what until then had been the Secretary's consistent interpretation of the jurisdictional statute. Indeed, even the Secretary's more recently promulgated regulations treat the intermediary's determination, subject to exceptions not applicable here, as final: "The intermediary's estimate of base year costs and modifications thereto is final and may not be changed after the first day of the first cost reporting period beginning on or after October 1, 1983 ...." 50 Fed.Reg. 12,753 (1985) (to be codified at 42 C.F.R. § 412.-71(d)).

The inconsistency of the Secretary's position has been described in *Redbud Hospital District v. Heckler*, CCH Medicare and Medicaid Guide ¶ 34,084 (N.D.Cal. July 30, 1984). On a motion for preliminary injunction, the *Redbud* court faced issues virtually identical to those presented here. After a careful review of the Medicare statute, the legislative history and applicable regulations, that court concluded:

Clearly, Congress, in setting up a prepayment system and expressing special concern for hospitals in situations such as that faced by Redbud, could not have intended that such a hospital must wait

---

**5.** *See* 49 Fed.Reg. 253 (1984); 42 C.F.R. §§ 405.-474(b)(1)(iv), (v) (published at 48 Fed.Reg. 39,-825 (1983)); Medicare Provider Reimburse-

ment Manual, Part 1, HCFA Pub. 15–1 (May 1983) (Plaintiff's Exhibit 2) at 1, 28–7 & 28–14.

to obtain review until after the end of its first year under the system, by which time it could well have been forced out of business in the event of inaccurate PPS hospital-specific target rate estimations. *The Secretary, in refusing to afford review within a reasonable time frame, is in derogation of the statutory scheme provided by Congress, and has abused her discretion.*

*Id.* at 9884 (emphasis added).[6]

The defendant does not even cite *Redbud* in her opposition. Moreover, the plaintiffs represent without contradiction that *Redbud* was never appealed and this Court has found no report of an appeal. The Secretary provides absolutely no explanation of why a case that is directly on point should not only be considered, but also followed here. *Compare Lopez v. Heckler*, 572 F.Supp. 26, 28–30 (C.D.Cal.1983) (criticizing the Secretary for refusing to "acquiesce" to binding Court of Appeals precedent), *request for partial stay of injunction denied*, 713 F.2d 1432 (9th Cir.1983), *request for partial stay granted*, 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983) (Rehnquist, J.), *modified*, 725 F.2d 1489 (9th Cir. 1984). In the circumstances, the reasoned unappealed decision of the *Redbud* court is entitled to greater deference than the *ipse dixit* ruling of the Secretary. Moreover, independent of that precedent, the plain language added to section 1395*oo*(a) as part of the prospective payment system enacted by Congress in 1983 establishes that a determination such as the one made by the intermediary here is reviewable by the Board before an NPR is issued.

An accompanying order will consolidate the several related cases that involve the identical issue, declare that the intermediary's decision is reviewable by the Board, and remand the cases to the Board for its review.

## ORDER

For the reasons set forth in an accompanying Memorandum, it is this 18th day of June, 1985, hereby

ORDERED: *sua sponte,* that *District of Columbia General Hospital v. Heckler,* C.A. No. 84–2496; *Georgetown University Hospital v. Heckler,* C.A. No. 84–3484; *Capitol Hill Hospital v. Heckler,* C.A. No. 85–0729; and *Washington Hospital Center v. Heckler,* C.A. No. 85–0766, be, and are hereby, CONSOLIDATED with *Tucson Medical Center v. Heckler,* C.A. No. 84–2437; and it is further

ORDERED and ADJUDGED: that plaintiffs' motions for summary judgment be, and are hereby, GRANTED; and it is further

ORDERED and ADJUDGED: that defendant's cross-motions for summary judgment be, and are hereby, DENIED; and it is further

DECLARED: that HCFAR 84–1, published at 49 Fed.Reg. 22413–22415 (May 29, 1984), is inconsistent with 42 U.S.C. § 1395*oo*(a) and therefore invalid; and it is further

ORDERED and ADJUDGED: that the decisions of the Provider Reimbursement Review Board ("Board") denying jurisdiction over plaintiffs' appeals under the prospective payment system be, and hereby are, REVERSED; and it is further

DECLARED: that the Board has jurisdiction over the appeals of the plaintiffs under the prospective payment system; and it is further

ORDERED and ADJUDGED: that these consolidated cases be, and hereby are, REMANDED to the Board for the expeditious processing of plaintiffs' appeals under 42 U.S.C. § 1395*oo.*

---

**6.** *See also Sunshine Health Systems, Inc. v. Heckler,* No. CV 85–953–AHS (Px), slip op. at 5 (C.D. Cal. April 10, 1985) (granting plaintiff's motion for preliminary injunction).