**DOCTORS GENERAL HOSPITAL, INC., Plantation, Florida, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 84–6684–Civ–ARONOVITZ.**

United States District Court, S.D. Florida.

July 18, 1985.

Richard C. Klugh, Jr., Miami, Fla., for plaintiff.

Gerard Keating, Daytona Beach, Fla., Marc Fagelson, Asst. U.S. Atty., Miami, Fla., for defendant.

ARONOVITZ, District Judge.

THIS CAUSE was considered upon the Plaintiff's Motion for Judgment on the Pleadings, and the Defendant's Motion to Dismiss and in the alternative for Summary Judgment. The Court, having examined the Motions, the memoranda of law submitted in support thereof and in opposition thereto, the applicable law, and having heard and carefully considered the oral argument of counsel at a hearing on June 3, 1985, and being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED that for the reasons which are set forth herein, the Defendant's Motion to Dismiss and in the alternative for Summary Judgment be, and the same is hereby, DENIED, and the Plaintiff's Motion for Judgment on the Pleadings be, and the same is hereby, GRANTED IN PART and DENIED IN PART.

To the extent that the Plaintiff seeks review and a hearing before the Provider Reimbursement Review Board for the purpose of making a final administrative determination of the "Hospital-Specific Portion" of Plaintiff's transition period prospective payment rate, the Motion is GRANTED. At this juncture, however, there is not yet a justiciable controversy regarding 42 CFR § 405.474(b)(3)(i)(C)(2), and to the extent that Plaintiff seeks a ruling from the Court that this regulation is arbitrary and capricious, the Motion for Judgment on the Pleadings is DENIED. If the Provider Reimbursement Review Board adjusts Plaintiff's base-year cost figures and thereby redetermines the "Hospital-Specific Portion" of Plaintiff's transition period prospective payment rate, and at that time the Secretary's regulations still preclude such adjustment from having any retroactive effect during the three year transition period, Plaintiff may refile this action and seek appropriate judicial review.

*Background*

This case finds its origin in the new "Prospective Payment System" (hereinafter "PPS") for reimbursing health care providers under Part A of the Medicare Act, 42 U.S.C. § 1395 et seq. Prior to October 1, 1983, qualified hospitals and other Medicare providers were reimbursed, pursuant to legislation enacted by Congress, in accordance with the lesser of their "reasonable cost of services" and "customary charges with regard to services." 42 U.S.C. § 1395f(b). At the close of each fiscal year, an intermediary such as Blue Cross and Blue Shield would analyze the hospital's cost reports, conduct an audit, and make a determination as to what should be the reimbursement to the provider for the particular year.

Congress established an administrative appellate tribunal, the Provider Reimbursement Review Board (hereinafter "PRRB"), to review the fiscal intermediary's reimbursement determination, called a "Notice of Program Reimbursement" (hereinafter "NPR"). The NPR played a critical role under the old "reasonable cost" system of reimbursement, and was the fiscal intermediary's final determination of the amount of reimbursement due to a particular provi-

der. The PRRB did not have jurisdiction under § 1395oo(a) to review a reimbursement determination until the fiscal intermediary had issued an NPR.

Congress has mandated a new formula for Medicare hospital reimbursement which was effective on October 1, 1983. Pub.L. No. 98–21. Beginning in 1986, there will no longer be "reasonable cost" reimbursement to health care providers. Instead, providers will be reimbursed on a "prospective payment" basis. Each Medicare patient, upon entering a hospital, will be diagnosed with one of 467 Diagnostic Related Groupings (hereinafter "DRG"). *See* 42 U.S.C. § 1395ww(d). Each DRG is assigned a number which is either greater or less than the number one, depending on the severity of the illness. The DRG number or factor is then multiplied by one specific dollar figure which represents the national average per patient cost of medical treatment. For example, assuming that the illness pneumonia is assigned the DRG factor 1.1029, and the uniform national multiplier is $3000.00, all health care providers nationwide will receive the sum total of $3000.00 × 1.1029, which is $3,308.70, for all Medicare pneumonia patients. The hospital will receive $3,308.70 if the patient stays one day or fifty days, and no matter how much it actually costs the particular hospital.

In order to ease the transition from the "reasonable cost" method of reimbursement to the PPS, Congress mandated a three year transition period. The administrative regulation implementing the transition period is codified at 42 CFR § 405.474. For each fiscal year between 1983 and 1986, the dollar multiplier figure is not a single nationwide figure, but is determined in accordance with a mix of two figures; a national figure, called the "federal portion," and a figure unique to each particular provider called the "hospital specific portion." In other words, recognizing the burden which would be imposed on hospitals if the PPS, employing standardized DRG's and a national per-patient rate were implemented immediately, a portion of the respective hospitals' reasonable costs were allowed to be figured into the dollar multiplier for the first three years of PPS.

During the transition period, the hospital specific portion becomes a lesser portion of the mix, and the federal portion becomes more significant. Thus, for 1983, the hospital specific portion comprised 75% of the dollar multiplier figure, and the federal portion 25%. For 1984, the two figures were mixed 50%–50%, and for 1985, the hospital specific portion comprised 25%, and the federal portion 75%. Finally, beginning in 1986 the PPS will be in full effect, and the federal portion will be 100% of the dollar multiplier figure.

### "Hospital Specific Portion"

The instant case centers around the manner in which the "hospital specific portion" is determined under 42 CFR 405.474(b)(1)(i). The fiscal intermediary is required under the regulation to make an "estimate" of the hospital's costs during a base year, in most instances 1982. It is not, however, the 1982 NPR (i.e., the fiscal intermediary's "final determination" for 1982 reimbursement purposes) which provides the basis for determining the "hospital specific portion." Rather, it is the fiscal intermediary's pre-NPR "estimation" of 1982 base-year costs, made in accordance with the aforementioned regulation and HCFAR Form 1007, which forms the basis for determining the hospital specific portion of the PPS multiplier during the three year transition period. The parties refer to this pre-NPR 1982 or base year estimate which governs the determination of the hospital specific portion as the 1982 Target Amount.

### Issues Presented

Fiscal year 1982 thus has special significance. The "reasonable cost" determination for that year not only provides a basis for reimbursement in 1982, but also provides the basis for determining the "hospital specific portion" of PPS reimbursement during the 1983–1986 transition period. Plaintiff in the instant case alleges that while an NPR has not been issued for 1982,

the Secretary's determination of its 1982 Target Amount is incorrect and fails to take into account certain laboratory costs. Plaintiff received notice of its 1982 Target Amount on January 3, 1984. (*See* Plaintiff's Motion at ¶ 19).

As stated above, under the old system, Plaintiff would have to wait until an NPR was issued to obtain PRRB review of the fiscal intermediary's reimbursement determination. Plaintiff contends, however, that because of the 1982 Target Amount's role during the transition period, PRRB review of the fiscal intermediary's base-year cost "estimation" should not have to await the issuance of an NPR.

In the instant case, Plaintiff seeks two rulings by the Court. First, Plaintiff seeks a ruling that the 1982 Target Amount is a "final determination" by the Secretary which is reviewable by the PRRB under § 1395*oo* (a). Second, as is discussed *infra*, Plaintiff seeks a ruling by the Court declaring arbitrary and capricious one of the regulations which implements the PPS transition period.

Under 42 U.S.C. § 1395*oo*, an appeal to the PRRB from a *"final determination* of the Secretary as to the amount of the payment [under PPS]" is available so long as a provider files its request for a hearing before the PRRB within "180 days after notice of the Secretary's *final determination."* (emphasis supplied). With respect to the first remedy which Plaintiff seeks, then, the central question presented is when is a "determination" of a provider's "hospital-specific portion" *final* for purposes of seeking PRRB review?

Plaintiff argues that the 1982 Target Amount is a "final determination" for purposes of PRRB review under § 1395*oo* because under the Secretary's own regulations the 1982 Target Amount governs the hospital specific rate during the transition period. The Defendant's view was unclear until the Secretary issued Health Care Financing Administration Ruling (HCFAR) 84–1, 49 Fed.Reg. 22, 413–15 (1984). Indeed, in the instant case Plaintiff contends that the PRRB invited Plaintiff to submit

the necessary documents preparatory to review of the 1982 Target Amount, implying that it would grant a hearing pursuant to § 1395*oo*. HCFAR 84–1, however, states that the Target Amount is not a "final determination by the Secretary" for purposes of § 1395*oo*, and review by the PRRB of the intermediary's base year cost estimation is not available until an NPR is issued. Plaintiff, therefore, will not be able to obtain PRRB review of its "prospective" hospital specific rate until after there is a final determination of its reimbursement for 1982. After HCFAR 84–1 was issued, the PRRB denied Plaintiff's request for a hearing, and Plaintiff filed the instant action.

### Jurisdiction

█ The threshold question which must be addressed is the extent of this Court's subject matter jurisdiction in this case. Plaintiff argues that with the denial of a hearing by the PRRB, Plaintiff has exhausted its administrative remedies. According to Plaintiff, there has been a final decision by the Board, and its claims are subject to judicial review under § 1395*oo* (f)(1). To the extent that Plaintiff seeks review of the PRRB's decision not to exercise jurisdiction, Plaintiff is correct. In *Athens Community Hospital, Inc. v. Schweiker,* 686 F.2d 989 (1982), the District of Columbia Circuit Court of Appeals was very clear that "if the threshold requirements of 42 U.S.C. § 1395*oo*(f)(1) are met, a court has jurisdiction to review a decision by the PRRB that it lacks jurisdiction to review a determination of the fiscal intermediary." *Id.* at 994.

Plaintiff, however, seeks further relief upon which the court does not have jurisdiction to rule at this juncture. Plaintiff makes a strong argument that one of the regulations governing the transition period should be declared arbitrary and capricious. Upon examining 42 CFR § 405.-474(b)(3)(i)(C)(2), the Court agrees that this regulation, when considered with the Secretary's interpretive ruling HCFAR 84–1, presents a troubling set of consequences.

Assuming that Plaintiff ultimately prevails before the PRRB and obtains a redetermination of its 1982 reimbursement, any adjustment of the "hospital specific portion" of Plaintiff's PPS transition period rates will not have any retroactive effect. Under 42 CFR § 405.474(b)(3)(i)(C)(2), while adjustments of the hospital specific portion are allowed, such adjustments would only affect the remaining years of the transition period. If such revisions or adjustments to the base-year cost figure were obtained in 1983, this regulation would present little problem. But given the Secretary's interpretive ruling HCFAR 84-1 that an NPR must be issued before the PRRB has jurisdiction to review base-year PPS determinations, there may be revisions and adjustments to the "hospital specific portion" after 1986, the last year of the transition period. Outside of their effect on reimbursement for 1982, such revisions and adjustments would have no effect at all on reimbursement during the transition period under 42 CFR § 405.474(b)(3)(i)(C)(2).

Counsel for the Government attempted to defend this seemingly unfair regulation on the merits, but the Court finds more persuasive the jurisdictional arguments which were made. As is explained *infra,* the Court disagrees with HCFAR 84-1 and herein remands the case to the PRRB for the hearing on Plaintiff's PPS transition period rates which Plaintiff requested. The PRRB may or may not agree with Plaintiff that its 1982 Target Amount improperly disallowed certain laboratory costs, and make the appropriate adjustments. Until the PRRB's review, then, the impact of 42 CFR 405.474(b)(3)(i)(C)(2) on the Plaintiff is not "direct and immediate" but is hypothetical and uncertain. There is not yet a "case or controversy" under this regulation which is ripe for adjudication. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1966). The Court, therefore, has denied that portion of Plaintiff's Motion for Judgment on the Pleadings which seeks a ruling declaring invalid 42 CFR 405.474(b)(3)(i)(C)(2).

*PRRB Review*

■ Having held, *supra,* that this Court has jurisdiction to review the PRRB's denial of a hearing, the question whether the PRRB's decision was correct can now be addressed. Defendant cites a number of cases which hold that an NPR must be issued before the PRRB may review a reimbursement determination. These cases, however, do not address PRRB review in the context of the Prospective Payment System. The Court, therefore, views the issue as follows. On one hand is the Secretary's interpretive ruling HCFAR 84-1 which states that a PPS determination is not final for purposes of PRRB review under § 1395oo until the intermediary has issued an NPR. The Courts which have interpreted the same provision, however, have come to a different conclusion and in two cases have specifically rejected and declared invalid HCFAR 84-1. In *Redbud Hospital District v. Heckler,* CCH Medicare and Medicaid Guide 34,084 (N.D.Cal. July 30, 1984) and in *Tucson Medical Center v. Heckler,* 611 F.Supp. 823 (D.D.C.1985) two district courts directed that the PRRB grant à review of a PPS Target Amount determination without awaiting the issuance of an NPR and specifically rejected the Secretary's interpretive ruling.

In *Tucson Medical Center,* the Court stated that "the reasoned unappealed decision of the *Redbud* court is entitled to greater deference than the *ipse dixit* ruling of the Secretary," *Id.* at 827, and in the instant case, this Court agrees. First, in light of the Secretary's regulation discussed above, requiring a provider to await the issuance of an NPR for 1982 before PRRB review may be obtained is patently unfair. The fact that the Secretary does not give base-year adjustments retroactive effect should, if anything, necessitate the quickest and earliest review by the PRRB as is possible. In the instant case, for example, Plaintiff may not receive an NPR for 1982 until after the 1983–1986 transition period has expired. If the PRRB agrees that the fiscal intermediary improperly disallowed certain costs, Plaintiff will

have been improperly reimbursed for three years and, because of 42 CFR § 405.-474(b)(3)(i)(C)(2), will have no remedy. The Court believes that the Secretary cannot have it both ways. If transition period adjustments will not have any retroactive effect, then PRRB review of a base-year Target Amount determination should be as close to the commencement of the transition period as is possible.

Second, as Plaintiff and the Courts in the two above-cited cases point out, the Secretary's position regarding the "finality" of an intermediary's base year costs estimate clearly has been inconsistent. Before HCFAR 84–1, the Secretary promulgated several regulations and interpretations which treated the intermediary's determination as "final" for several other purposes.* After HCFAR 84–1, as the Court in *Tucson Medical Center* pointed out, the Secretary's more recently promulgated regulations also treat the intermediary's determination as final: "The intermediary's estimate of base year costs and modifications thereto is final and may not be changed after the first day of the first cost reporting period beginning on or after October 1, 1983 …" 50 Fed.Reg. 12,753 (1985)(to be codified at 42 CFR § 412.71(d) ). With the exception of PRRB review jurisdiction under § 1395oo, then, the intermediary's target amount determination has been interpreted by the Secretary as "final" for most administrative purposes.

### Conclusion

In accordance with the two above-cited decisions, this Court does not believe that the PPS determination at issue here should be controlled by NPR review provisions fashioned under the old reasonable cost method of reimbursement. In 1983 Congress made certain additions to § 1395oo(a) which clearly contemplate two different kinds of appeal to the PRRB. One begins when the intermediary issues an NPR; the other, when the intermediary issues a no-

tice of what will be paid under the PPS. As the Court in *Tucson Medical Center* stated, "the Secretary's proffered interpretation [i.e., HCFAR 84–1] would reduce the 1983 additions to section § 1395oo(a) to mere surplusage … Congress patently did not impose the appeal mechanism for the cost reimbursement system on the new prepayment system." *Id.* at 8. Plaintiff in the instant case has received a target amount determination for 1982, and therein is the Secretary's "final determination" for purposes of PRRB review under § 1395oo.

It is in accordance with the aforegoing

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and for Summary Judgment be, and the same is hereby, DENIED, and Plaintiff's Motion for Judgment on the Pleadings be and the same is hereby GRANTED IN PART and DENIED IN PART as indicated hereinabove. This case is hereby REMANDED to the Secretary of the Department of Health and Human Services for review forthwith by the PRRB of Plaintiff's 1982 Target Amount for the purpose of making a final administrative determination of the "hospital specific portion" of Plaintiff's transition period prospective payment rate. If any adjustments are made by the PRRB and regulations are still in effect which deny such adjustments retroactive effect, Plaintiff may seek appropriate judicial review, including a ruling that such regulations are arbitrary and capricious.

---

* *See* 49 Fed.Reg. 253 (1984); 42 CFR § 405.-474(b)(1)(iv); Medicare Provider Reimbursement Manual, Part 1, HCFA Pub. 15–1 (May 1983) at 1, 28–7 & 28–14, cited in *Tucson Medical Center* at p. 8.