**SPRINGDALE MEMORIAL HOSPITAL ASSOCIATION, INC., Appellee,**

v.

**Otis R. BOWEN, M.D., Secretary of Health & Human Services, Appellant.**

**No. 86–1745.**

United States Court of Appeals, Eighth Circuit.

Sept. 10, 1987.

J. Michael Fitzhugh, U.S. Atty., Fort Smith, Ark., for appellant.

Charles Harwell, Cypert, Crough & Clark, Springdale, Ark., for appellee.

**Order Denying Petition for Rehearing En Banc**

The petition for rehearing en banc has been considered by the court and is denied by reason of the lack of majority of active judges voting to rehear the case en banc.

HEANEY, Circuit Judge, with whom LAY, Chief Judge, and McMILLIAN, Circuit Judge, join.

I would grant the petition for rehearing en banc. The majority not only overrides the decision of the district court, but reaches a decision that is contrary to every prior Court of Appeals decision. *See Doctors Hospital, Inc. v. Bowen*, 811 F.2d 1448 (11th Cir.1987); *Sunshine Health Systems, Inc. v. Bowen*, 809 F.2d 1390 (9th Cir.1987); *St. Francis Hospital v. Bowen*, 802 F.2d 697 (4th Cir.1986); *Washington Hospital Center v. Bowen*, 795 F.2d 139 (D.C.Cir. 1986). In my view, the other Courts are correct, and this Court is wrong.

The Court of Appeals for the Eleventh Circuit stated the law clearly and concisely:

Section 1395oo(a) "clearly contemplates two different kinds of appeals. One begins when the intermediary issues an NPR; the other when the intermediary issues a notice of what will be paid under the PPS system." * * * The Secretary argues that the PPS rates are not determinations concerning the "amount of the payment," but are merely preliminary decisions that determine some of the elements of the formula that will eventually be used to determine a portion of the actual payments to which a hospital will be entitled. The Secretary concludes that review is not proper until an NPR is issued for a given year.

We disagree. Clearly, an NPR is necessary for a hospital to contest the actual dollar amount of reimbursement, for pri-

or to its issuance, no indication appears as to whether all the costs submitted will be recouped. An appeal on these grounds would be made under 42 U.S.C. § 1395oo(a)(1)(A)(i). An NPR, however, would serve no purpose whatsoever in reviewing PPS rates assigned by the Secretary, because the actual costs incurred during a given year are irrelevant. A PPS appeal can be commenced at the beginning of a PPS year. "By adding subsection (1)(A)(ii), which contains no reference to NPR's, Congress expressed its clear intention to change the prerequisites for PPS appeals." *Washington Hosp. Center* at 146. Furthermore, to accept the Secretary's proffered interpretation would reduce the 1983 amendments to section 1395oo(a) to mere surplusage, and would violate the canon of statutory construction of giving effect, when possible, to every word Congress employs. *Washington Hosp. Center* at 145. Congress clearly did not intend that the appeal mechanism for the cost rembursment system be imposed upon the new prepayment system. The Secretary's interpretation effectively collapses two distinct reviewing schemes into one.

The hospitals contend, and the other courts which have addressed this issue agree, that the phrase "the amount of the payment" is defined in 42 U.S.C. § 1395ww(d)(1)(A), which is referred to in section 1395oo(a), to mean the PPS rate per discharge set prior to the beginning of each PPS year. A presumption is made that the same words used in different parts of an act have the same meaning. * * * The Secretary presents no persuasive evidence to supplant this presumption.

We further find compelling that the "plain meaning" reading of the statute is consistent with the legislative history of the 1983 amendments. In order to fulfill the primary purpose of the Act in providing hospitals with predictability regarding payment amounts and to reform the financial incentive hospitals face, a hospital needs to know in advance how much it will receive under the PPS system during the transition period. To accept the

Secretary's interpretation of the amendments would require an indeterminable wait before the rates could be appealed, and thus would add further uncertainty to the reimbursement procedure. The Secretary's interpretation thus frustrates the policy that Congress sought to implement.

*Doctors Hosp., Inc. of Plantation v. Bowen*, 811 F.2d 1448, 1452–53 (11th Cir.1987) (footnotes and citations omitted).

It is important to add that the Secretary for some unexplained reason is unable to process applications for predetermined rates expeditiously. Delays as long as four years are not rare, and delays of two and one-half years are common. These delays are prohibitively expensive for small hospitals and nearly that severe for the larger ones. We should not be the first Circuit to tolerate such delays.

Finally, we must take note of the fact that this issue was first raised before the district court for the District of Columbia in 1985, *Tucson Medical Center v. Heckler*, 611 F.Supp. 823 (D.C.D.1985), pursuant to a statute which permits cases of this type to be raised in either the district court in which the provider is located, or in the District of Columbia. This latter alternative permits litigants to call upon the expertise of the District of Columbia Circuit to provide decisions in cases in administrative law which, unless reversed by the Supreme Court, are expected to have a national impact. *See* 42 U.S.C. § 1395oo(f)(1) (as amended in 1984). The decision of the district court in favor of the provider was immediately appealed to the D.C. Circuit. On July 8, 1986, that Circuit affirmed the district court without dissent. Thereafter, the Secretary filed a petition for rehearing en banc which was denied on September 17, 1986. The Secretary did not file a petition for certiorari to the Supreme Court. Instead, he has ignored the district court decision and continued to enforce the regulation as written forcing providers to take their case to other Circuits. On October 1, 1986, the Fourth Circuit, on February 6, 1987, the Ninth Circuit, and on March 9, 1987, the Eleventh Circuit followed the de-

cision of the district court. The Secretary failed to seek certiorari from any of these decisions. But, the Secretary finally has had his way. He has found a Circuit to agree with him on his interpretation of the Act.

In taking the position that he is justified in forum shopping, the Secretary has followed the same road as he and his predecessors did in the social security cases where they have consistently refused to apply decisions of Circuit Courts of Appeals adverse to the Secretary's position beyond their immediate boundaries, and have refused to file petitions for certiorari with the Supreme Court. We should not tolerate this course of action.