MADISON FOODS, INC., Petitioner,

v.

Ray MARSHALL, Secretary of Labor; and Occupational Safety and Health Review Commission, Respondents.

No. 79-2062.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1980.

Decided Sept. 18, 1980.

James E. Culp, for respondents.

Smith, Smith & Boyd by Wayne E. Boyd, South Sioux City, Neb., for petitioner.

Before ROSS and STEPHENSON, Circuit Judges, and MURPHY,* District Judge.

PER CURIAM.

Madison Foods, Inc., petitions this court for review of a final order of the Occupational Safety and Health Review Commission (Commission) pursuant to 29 U.S.C. § 660(a) (1970). The Administrative Law Judge (ALJ) held that Madison Foods (Madison) had violated sections 5(a)(1) and (2) of the Occupational Safety and Health Act of 1970 (OSHA) and various regulations promulgated thereunder. The decision of the ALJ was not reviewed by the Commission within 30 days and thus the ALJ's decision became the final order of the Commission. See 29 U.S.C. § 661(i) (1970). We hold that the findings of the ALJ are supported by "substantial evidence on the record considered as a whole." 29 U.S.C. § 660(a) (1970). Therefore, we affirm.

Madison operates a hog processing plant in Madison, Nebraska. In November 1978, following a plant inspection, the Secretary of Labor issued a citation to Madison alleging three separate violations of OSHA. The citation charged Madison with failing to maintain a proper maintenance program for its hoisting equipment, failing to provide a standard guardrail and failing to guard two of its grinders. Madison contested the citation in accordance with 29 U.S.C. § 659(a) and an administrative hearing was held.

* The Honorable DIANA E. MURPHY, United States District Judge for the District of Minnesota, sitting by designation.

The ALJ found a violation of section 5(a)(1) of the Act based on Madison's failure to maintain a proper maintenance program for its hoisting equipment. Since Madison had abated or was in the process of abating the conditions involving the hoists the ALJ assessed a penalty of $100. The second violation concerned failing to provide a guardrail on a hog–shaving platform as required by 29 C.F.R. § 1910.23(c)(1). The ALJ found the guardrail violation to be nonserious and assessed no penalty. The third violation concerned failing to provide tongue guards on two grinders as required by 29 C.F.R. § 1910.243(c)(3). The ALJ affirmed the citation as serious and assessed a $50 penalty.

Madison devoted the majority of its argument to challenging the guardrail violation. In reference to the guardrail violation of 29 C.F.R. § 1910.23(c)(1)[1] the ALJ made the following findings of fact:

At three work stations workers shave excess hair from the hams of the suspended hogs.

The six–foot high station platform is the only one in contest.

The platform, located against a wall, is 24 to 30 inches wide and 15 feet long. It consists of expanded metal which could become wet and greasy.

There is no toe board or barricade on the platform.

The two workers working at the edge of the platform move down the platform as the conveyor moves the hogs which are spaced on three–foot centers.

The workers were not wearing any restraints or harnesses.

The workers could slip or fall off the platform.

The ALJ noted that "[w]orking six feet above the floor while standing on a surface that could be slippery with grease and water exposes the worker, in his activity described here, to the fall hazard." Additionally, "workers could have tied off to the wall behind the platform. Safety belts with lanyards could constitute feasible compliance with this regulation."

We have carefully reviewed the record and the arguments of Madison regarding each of the three violations.[2] Although there was conflicting testimony in many areas, we hold that the ALJ's factual findings are supported by substantial evidence on the record considered as a whole and are therefore conclusive. 29 U.S.C. § 660(a) (1970). The order of the Commission is affirmed.

1. 29 C.F.R. § 1910.23(c)(1) provides:

(c) *Protection of open–sided floors, platforms, and runways.* (1) Every open–sided floor or platform 4 feet or more above adjacent floor or ground level shall be guarded by a standard railing (or the equivalent as specified in paragraph (e)(3) of this section) on all open sides except where there is entrance to a ramp, stairway, or fixed ladder. The railing shall be provided with a toeboard wherever, beneath the open sides,
(i) Persons can pass,
(ii) *There is moving machinery, or*
(iii) There is equipment with which falling materials could create a hazard.

2. Madison also argues that the guardrail regulation, 29 C.F.R. § 1910.23(c)(1), enacted in 1974, was improperly promulgated because the meat packing industry was not represented in its development and adoption. In *National Industrial Constructors, Inc. v. Occupational Safety and Health Review Commission,* 583 F.2d 1048 (8th Cir. 1978) this court held that challenges to OSHA regulations based on the failure of the Secretary to comply with procedural requirements may be raised only in preenforcement proceedings. *Id.* at 1052–53. Such proceedings must be brought within 60 days from the effective date of the regulation pursuant to 29 U.S.C. § 655(f) (1970). *Id.* at 1052–53.