## UNITED TECHNOLOGIES CORP., Petitioner,

v.

## OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR, Respondent.

Docket No. 87–4143.

United States Court of Appeals, Second Circuit.

Argued Dec. 1, 1987.

Decided Dec. 1, 1987.

Opinion Filed Dec. 30, 1987.

W. Scott Railton, Washington, D.C. (Gary L. Melampy, Karen C. Chinn, Reed Smith Shaw & McClay, Washington, D.C., of counsel), for petitioner.

Allen H. Feldman, Associate Sol. for Special Appellate and Supreme Court Litigation, Washington, D.C. (George R. Salem, Sol. of Labor, Steven J. Mandel, Counsel for Appellate Litigation, Nathaniel I. Spiller, Atty., U.S. Dept. of Labor, Washington, D.C., of counsel), for respondent.

Before PIERCE, MINER, and DAVIS,* Circuit Judges.

PIERCE, Circuit Judge:

On August 19, 1987, the Occupational Safety and Health Administration of the

---

* Hon. Oscar H. Davis, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

United States Department of Labor ("OSHA") filed in the Office of the Federal Register in Washington, D.C., certain amendments to its Hazard Communication Standard, 29 C.F.R. § 1910.1200. These amendments were published in the *Federal Register* on August 24, 1987. *See* 52 Fed. Reg. 31,852 (1987). On October 23, 1987, United Technologies Corp. filed a petition herein seeking this Court's review of the regulatory amendments pursuant to Section 6(f) of the Occupational Safety and Health Act (the "Act"), 29 U.S.C. § 655(f). OSHA sought to dismiss this petition on the ground that it was filed beyond the time limit imposed by the Act. On December 1, 1987, following oral argument, we issued a decision from the bench denying the motion, and we indicated that we would thereafter file a written opinion.[1]

The Act affords a person affected by a new standard issued by OSHA a period of sixty days within which to seek judicial review of that standard. 29 U.S.C. § 655(f). If the sixty day period is measured from the date on which the amendments are filed in the Office of the Federal Register, then, as the litigants agree, United Technologies' petition herein was four days out of time. Conversely, if the period begins to run only after the amendments are published in the *Federal Register*, then the petition was timely.

Any analysis must begin with the statute itself. Section 6(f) of the Act provides in pertinent part:

> Any person who may be adversely affected by a standard *issued* under this section may at any time prior to the sixtieth day after such standard is *promulgated* file a petition challenging the validity of such standard....

29 U.S.C. § 655(f) (emphasis added). On its face, this language is most reasonably construed as assigning different meanings to the words "issued" and "promulgated". The use of different words in the same sentence of the statute signals not only that Congress intended to distinguish between the *issuance* and the *promulgation* of a standard, but also that the latter may have been meant to refer to a date subsequent to the former.

OSHA contends, however, that the words "issued" and "promulgated" in Section 6(f) are synonymous, and it cites in support of this construction the administrative definition of the word "issued", which is contained in 29 C.F.R. § 1911.18(d):

> A rule promulgating, modifying, or revoking a standard ... shall be considered issued at the time when the rule ... is officially filed in the Office of the Federal Register. The time of filing in the Office of the Federal Register is established for the purpose of determining the prematurity, timeliness, or lateness of petitions for judicial review.

This regulation was adopted in response to a suggestion by the District of Columbia Circuit in *Industrial Union Dep't, AFL–CIO v. Bingham*, 570 F.2d 965, 970–71 (D.C.Cir.1977) (Leventhal, J., concurring), that the agency define the point at which a standard is "issued". Like the present motion, that case also concerned the timeliness of a petition for judicial review, but we find it to be inapposite to the precise issue before us. *Industrial Union* addressed the question of whether a case was ripe for adjudication when the petition for review was filed *before* the regulation was filed in the Office of the Federal Register or published by OSHA. Thus the regulation was adopted only to clarify when a standard is "issued", but it does not and was never intended to clarify the statutory word "promulgated".

The agency is certainly entitled to adopt a definition of "promulgated", and it may well have the power to equate "promulgated" with "issued", if it chooses to. However, it has not yet done so. Consequently, we are constrained to read the statute in light of the ordinary meaning of its words, and, in particular, to treat the date of promulgation differently from the date of issuance.

---

1. The case was subsequently transferred to the District of Columbia Circuit pursuant to 28 U.S.C. § 2112(a) in order to consolidate it with other petitions for judicial review of the same amendments that were already pending at the time this petition was filed.

**54**

As the term is generally used, "promulgate" means "to make known by open declaration" or "to make ... public the terms" of a rule or law. *See Webster's Third New Int'l Dictionary* 1816 (1981). We conclude that the amendments in this case were promulgated when they were published in the *Federal Register,* whereas they were issued, as that term is defined by regulation, when they were filed in the Office of the Federal Register. Consequently, United Technologies' petition was timely filed, and we therefore denied the motion to dismiss.