**NATIONAL GRAIN & FEED ASSOCIATION, INC.,**
Petitioner,

v.

**OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION U.S. DEPARTMENT OF LABOR, Respondent.**

No. 87–1603.

United States Court of Appeals, District of Columbia Circuit.

May 3, 1988.

Marc L. Fleischaker, Washington, D.C., for petitioner.

Allen H. Feldman, Associate Sol., with whom Steven J. Mandel, for Appellate Liti-

gation and Nathaniel I. Spiller, Atty., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before ROBINSON, SILBERMAN and WILLIAMS, Circuit Judges.

ON MOTION TO DISMISS

PER CURIAM:

This petition seeks review of the Occupational Safety and Health Administration's ("OSHA") final standard regulating hazard communication. 29 C.F.R. § 1910.1200. The standard was filed in the Office of the Federal Register on August 19, 1987, and was published on August 24, 1987. *See* 52 Fed.Reg. 31,852 (1987). OSHA has moved to dismiss the petition as untimely since it was filed on October 20, 1987, sixty-one days after the filing of the standard in the Office of the Federal Register.

Section 6(f) of the OSH Act, 29 U.S.C. § 655(f), provides that:

[a]ny person who may be adversely affected by a standard *issued* under this section may at any time prior to the sixtieth day after such standard is *promulgated* file a petition challenging the validity of such standard with the United States court of appeals for the circuit wherein such person resides or has his principal place of business, for a judicial review of such standard.

(Emphasis added). The government contends that the date of issuance is synonymous with the date of promulgation, and it relies on the following regulation:

A rule promulgating, modifying, or revoking a standard, or a determination that a rule should not be promulgated, shall be considered *issued* at the time when the rule or determination is officially filed in the Office of the Federal Register. The time of official filing in the Office of the Federal Register is established for the purpose of determining the prematurity, timeliness, or lateness of petitions for judicial review.

29 C.F.R. § 1911.18(d) (emphasis added).

The Second Circuit has issued a recent opinion on the issue of when an OSHA

standard is promulgated for purposes of determining the timeliness of a petition for review. *See United Technologies Corp. v. OSHA*, 836 F.2d 52 (2d Cir.1987). In *United Technologies*, the court concluded that an OSHA standard is promulgated on the date of publication in the Federal Register. We agree, at least in the absence of a valid OSHA regulation fixing some other date.

Section 1911.18(d) was adopted in response to this court's opinion in *Industrial Union Dep't, AFL–CIO v. Bingham*, 570 F.2d 965 (D.C.Cir.1977). *Industrial Union* involved the issue of whether a petition for review is premature if it is filed before the challenged regulation is filed in the Office of the Federal Register. This court invited OSHA to issue regulations defining when a standard is "issued" for purposes of marking the inception of the filing period as required by 29 U.S.C. § 655(f). *Id.* at 970–71, 976 n. 12. The resulting regulation, 29 C.F.R. § 1911.18(d), clarified when a standard is "issued," not when it is "promulgated."

OSHA may well have the power to equate the date of promulgation with the date of issuance, but it has not done so. It is clear from a reading of 29 U.S.C. § 655(f) that Congress intended to treat the date of issuance differently from the date of promulgation. Based on the plain meaning of 29 U.S.C. § 655(f), the ordinary usage of the term promulgate, and the lack of any specific agency regulation defining the date of promulgation, we conclude that an OSHA standard is promulgated on the date that it is published in the Federal Register. Accordingly, respondent's motion to dismiss is hereby denied.