900 F.2d 384
 283 U.S.App.D.C. 400, 1990 O.S.H.D. (CCH) P 28,885
 INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA
v.
MINE SAFETY AND HEALTH ADMINISTRATION and David C. O'Neal,
Assistant Secretary of Labor for Mine Safety and Health,
Utah Power & Light Company, et al., Intervenors.
 No. 89-1563.
 United States Court of Appeals,
District of Columbia Circuit.
 April 13, 1990.
 
 Mary Lu Jordan, Washington, D.C., for petitioner.
 Dennis D. Clark, Counsel, Appellate Litigation, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., appeared on the motion to dismiss filed by respondents.
 Timothy M. Biddle, Thomas C. Means, and Susan E. Chetlin, Crowell & Moring, Washington, D.C., for intervenors.
 ON MOTION TO DISMISS PETITION FOR REVIEW
 Before RUTH BADER GINSBURG, WILLIAMS and SENTELLE, Circuit Judges.
 Opinion for the Court filed PER CURIAM.
 
 PER CURIAM:
 
 1
 This petition for review challenges a July 14, 1989 decision and order of the Assistant Secretary of Labor for Mine Safety and Health ("the Assistant Secretary"), issued pursuant to section 101(c) of the Federal Mine Safety and Health Act ("the Mine Act"), 30 U.S.C. Sec. 811(c) (1982). The Mine Safety and Health Administration and the Assistant Secretary (collectively "MSHA") have filed a motion to dismiss, arguing that the petition for review filed on the sixtieth day after issuance of the decision and order was untimely. For the reasons that follow, we grant the motion to dismiss.
 
 
 2
 The Mine Act regulates safety and health in the mining industry. Section 101(a) of the Mine Act directs the Secretary of Labor to promulgate mandatory safety and health standards. See 30 U.S.C. Sec. 811(a). Upon petition by a mine operator, the Secretary may modify the application of a mandatory safety standard at a particular mine if she finds, after public notice and an opportunity for comment, that certain specified conditions exist. See 30 U.S.C. Sec. 811(c). The Secretary is required to issue a decision incorporating her findings.
 
 
 3
 Judicial review of a decision of the Secretary under section 101(c) is governed by section 101(d) of the Mine Act, 30 U.S.C. Sec. 811(d):
 
 
 4
 Any person who may be adversely affected by a mandatory health or safety standard promulgated under this section may, at any time prior to the sixtieth day after such standard is promulgated, file a petition challenging the validity of such mandatory standard with the United States Court of Appeals for the District of Columbia Circuit....
 
 
 5
 30 U.S.C. Sec. 811(d) (emphasis added).
 
 
 6
 Utah Power and Light Company filed a petition seeking modification of the application of one of the mandatory safety standards at its Deer Creek and Cottonwood mines. Following an investigation and public hearing before an administrative law judge, the Assistant Secretary issued a decision and order on July 14, 1989, granting modification under the specified conditions.
 
 
 7
 The International Union of United Mine Workers of America ("the Union") filed a petition for judicial review of the July 14, 1989 decision and order on September 12, 1989, the sixtieth day after the determination was issued. MSHA thereafter filed a motion to dismiss, arguing that any timely petition was due no later than September 11, 1989, the fifty-ninth day after the determination was issued. Since the statutory time limits for seeking judicial review of agency actions are mandatory, MSHA seeks to have this court dismiss the Union's petition for review. The Union counters that the provisions should be construed, as a similar provision of the Occupational Safety and Health Act ("OSHA") has been, to provide a sixty-day review period.
 
 
 8
 This court has never specifically addressed whether the phrase "prior to the sixtieth day" in the review provisions of section 101(d) means that the sixtieth day is included. In UMWA v. Dole, 870 F.2d 662, 664 (D.C.Cir.1989), however, this court recognized that "read literally" section 101(d) of the Mine Act requires that a petition for review be filed no later than the fifty-ninth day after it is promulgated. The court did not need to resolve the issue in that case. Rather, the court held that the petition for review filed on the sixty-first day after promulgation, where the fifty-ninth and sixtieth days were a Saturday and Sunday, was timely. UMWA v. Dole, 870 F.2d at 665-66.
 
 
 9
 In United States v. Locke, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985), the Supreme Court interpreted statutory language requiring that owners of unpatented mining claims must file a notice of intention to hold the claim "prior to December 31" of each year. Failure to file the notice constituted an abandonment of the mining claim. In Locke, an owner who filed his notice on December 31 argued that the statutory filing deadline should be construed to require a filing "on or before December 31." In rejecting this argument, the Court stated:
 
 
 10
 It is clear that the plain language of the statute simply cannot sustain the gloss appellees would put on it.... While we will not allow a literal reading of a statute to produce a result "demonstrably at odds with the intentions of its drafters," [citation omitted], with respect to filing deadlines a literal reading of Congress' words is generally the only proper reading of those words.... Faced with the inherent arbitrariness of filing deadlines, we must, at least in a civil case, apply by its terms the date fixed by statute.
 
 
 11
 Locke, 471 U.S. at 93-94, 105 S.Ct. at 1791-92. Thus, while before Locke one might argue that "prior to" a particular day might encompass filings "prior to the end" of that day, Locke bars such a reading.
 
 
 12
 Locke also defeats the Union's suggestion that we may reject this conclusion by recourse to the legislative history. Use of legislative history to construe a statute is proper only when the face of the act is ambiguous. See Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); Independent U.S. Tank Owners Committee v. Skinner, 884 F.2d 587 (D.C.Cir.1989). Where the congressional intent is clear, resort to legislative history to aid construction is unnecessary. See United Transportation Union v. Lewis, 711 F.2d 233, 245 (D.C.Cir.1983). The Supreme Court stated in Locke, "The phrase 'prior to' may be clumsy, but its meaning is clear." 471 U.S. at 96, 105 S.Ct. at 1793.
 
 
 13
 Even assuming that under Locke the Court would regard "prior to" as admitting a smidgen of ambiguity sufficient to allow a look at the legislative history, here it provides no basis for overturning what we are instructed to regard as the clear meaning of section 101(d). There are references to a requirement of filing "within" sixty days, see Conf.Rep. No. 95-461, 95th Cong., 1st Sess., Oct. 3, 1977, p. 43, reprinted in Legislative History of the Federal Mine Safety and Health Act of 1977 (1978), p. 1321; see also S.Rep. No. 95-181, 95th Cong., 1st Sess., May 1977 at p. 21, reprinted in Legislative History, supra at 609, and a provision so worded would permit filing on the sixtieth day. But in the absence of any evidence of any real congressional focus on the distinction, we must apply the "clear" words of the statute over the equally clear but divergent words in the legislative history.
 
 
 14
 The Union's claim that the review provisions of the Mine Act should be construed in the same manner as a similar provision of OSHA is similarly unavailing. The OSHA review provisions require that petitions for review be filed "prior to the sixtieth day" after promulgation. See 29 U.S.C. Sec. 655(f) (1982). The Union cites a number of decisions involving OSHA which refer to a sixty-day review period. See RSR Corp. v. Donovan, 747 F.2d 294, 299 (5th Cir.1984); Daniel International Corp. v. Occupational Safety and Health Review Comm'n, 656 F.2d 925, 929 (4th Cir.1981); Madison Foods, Inc. v. Marshall, 630 F.2d 628, 629 n. 2 (8th Cir.1980); Noblecraft Industries, Inc. v. Secretary of Labor, 614 F.2d 199, 201 (9th Cir.1980); National Industrial Constructors, Inc. v. Occupational Safety and Health Review Comm'n, 583 F.2d 1048, 1051 (8th Cir.1978); Associated Industries of New York State, Inc. v. United States Dept. of Labor, 487 F.2d 342, 351 (2d Cir.1973). The Union concedes, however, that none of these cases raised the issue of whether a petition must be filed no later than the fifty-ninth day to be timely. Since none of the cited opinions addresses this issue, the various references to a sixty-day review period are not persuasive.*
 
 
 15
 Statutory time limits for seeking review of agency actions are "jurisdictional and unalterable." See Microwave Communications, Inc. v. FCC, 515 F.2d 385, 389 (D.C.Cir.1974); see also Eagle-Picher Industries v. EPA, 759 F.2d 905, 911 (D.C.Cir.1985). Under section 101(d) of the Mine Act, the Union's petition for review filed on September 12, 1989 was untimely. This court, therefore, lacks authority to entertain the petition for review. Accordingly, the petition for review is dismissed.
 
 
 
 *
 In United Technologies v. OSHA, 836 F.2d 52 (2d Cir.1987), a petition for review filed, pursuant to 29 U.S.C. Sec. 655(f), on the sixtieth day was deemed timely. The Secretary, however, failed to raise the issue of the filing on the sixtieth day in the case. Rather, the litigants disputed the date the standard was issued and the limitations period began to run