**AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, et al., Petitioners,**

v.

**OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, United States Department of Labor, Respondents,**

American Petroleum Institute, Chemical Manufacturers Association, Intervenors.

No. 89–1296.

United States Court of Appeals, District of Columbia Circuit.

Argued May 17, 1990.

Decided June 22, 1990.

Rehearing En Banc Denied Aug. 28, 1990.

Laurence Gold, with whom George H. Cohen and Jeremiah A. Collins, Washington, D.C., for A.F.L.–C.I.O., Victor Van Bourg, San Francisco, Cal., for Intern. Ass'n of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, Thomas A. Woodley, Washington, D.C., for Intern. Ass'n of Fire Fighters, AFL–CIO, Gary S. Witlen, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Michael R. Fanning, Intern. Union of Operating Engineers, AFL–CIO, Robert J. Connerton and Paul Greenberg, Washington, D.C., for Laborers' Intern. Union of North America, AFL–CIO, Edward J. Gorman, III and Kathy L. Krieger, Washington, D.C., for United Broth. of Carpenters and Joiners of America, AFL–CIO, and James D. English and Mary–Win O'Brien, Pittsburgh, Pa., for United Steelworkers of America, AFL–CIO, were on the joint brief, for petitioners.

Ann Rosenthal, Atty., Dept. of Labor, with whom Cynthia L. Attwood, Associate Sol., Arlington, Va., for Occupational Safety and Health Admin., Barbara A.W. McConnell and Barbara E. Kahl, Attys., Dept. of Labor, Washington, D.C., were on the brief, Barbara Werthmann, Atty. Dept. of Labor, Washington, D.C., also entered an appearance, for respondents.

David F. Zoll and Neil J. King, for Chemical Mfr's Ass'n, and G. William Frick and Barton L. Stringham, Washington, D.C., for American Petroleum Institute, were on the joint brief for intervenors.

Before RUTH BADER GINSBURG, D.H. GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the court filed by Circuit Judge RUTH BADER GINSBURG.

RUTH BADER GINSBURG, Circuit Judge:

The American Federation of Labor and Congress of Industrial Organizations (AFL–CIO) seeks review of a health and safety standard promulgated by the Occupational Safety and Health Administration (OSHA). AFL–CIO filed the review petition the day after expiration of the time prescribed by the Occupational Safety and Health (OSH) Act. Under controlling precedent, *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985); *International Union, United Mine Workers v. Mine Safety and Health Admin.*, 900 F.2d 384 (D.C.Cir.1990) (*UMW v. MSHA*), we are obliged to dismiss the review petition as untimely.

## I.

Concerned about the risks to worker health posed by the treatment, disposal, and clean-up of hazardous waste, Congress included in the Superfund Amendments and Reauthorization Act of 1986 a requirement that OSHA issue a standard "for the health and safety protection of employees engaged in hazardous waste operations." 29 U.S.C. § 655 note (a). To carry out this legislative charge, OSHA eventually published in the Federal Register, on March 6, 1989, a final rule setting forth a comprehensive standard. 54 Fed.Reg. 9294 (1989). Sixty days later, on May 5, 1989, AFL–CIO petitioned under section 6(f) of the OSH Act, 29 U.S.C. § 655(f), for this court's review of the standard. Section 6(f) provides: "Any person who may be adversely affected by a standard issued under this section may at any time *prior to the sixtieth day* after such standard is promulgated

file a petition challenging the [standard's] validity with [a] United States court of appeals...." 29 U.S.C. § 655(f) (emphasis added).

The Federal Mine Safety and Health Act of 1977, 30 U.S.C. §§ 801–960 (the Mine Act), contains a similar judicial review prescription. The Mine Act, like the OSH Act, allows those adversely affected by a particular health or safety standard to petition for court review "at any time prior to the sixtieth day" after promulgation of the standard. 30 U.S.C. § 811(d). In April 1990, in *UMW v. MSHA*, we held that the Mine Act provision declares untimely review petitions filed later than the end of the fifty-ninth day after promulgation.

To interpret the statutory words "prior to," the *UMW v. MSHA* panel drew upon the Supreme Court's pronouncement in *United States v. Locke.* In *Locke,* the Court confronted statutory language requiring the owner of an unpatented mining claim to file "prior to December 31" of each year a notice of intention to hold the claim; the Court construed the quoted language to mean that the annual filing must occur *before* December 31. Refusing to read the provision to allow filing *on* December 31, the Court attributed its construction to "the plain language of the statute." *Locke,* 471 U.S. at 93, 105 S.Ct. at 1791. *See also id.* at 96, 105 S.Ct. at 1793 ("The phrase 'prior to' may be clumsy, but its meaning is clear."). This court, guided by *Locke,* concluded in *UMW v. MSHA:* "[W]hile before *Locke* one might argue that 'prior to' a particular day might encompass filings 'prior to the end' of that day, *Locke* bars such a reading." *UMW v. MSHA,* at 386. Accordingly, the court dismissed a petition for review filed by UMW on the sixtieth day after issuance of the ruling challenged in that case.

■ After release of the *UMW v. MSHA* opinion, OSHA called our attention to the sixtieth-day filing in this case, and the parties addressed the timeliness issue in supplemental briefs. Both sides recognize, and we agree, that the *UMW v. MSHA* panel's approach to construction of the Mine Act review petition time limit controls in the OSH Act context as well. T' is, under either measure, a review petition filed on the sixtieth day following promulgation of a standard is untimely. AFL–CIO and OSHA, however, join in a plea that we refrain from applying the holding of *UMW v. MSHA* retroactively to OSH Act review petitions; instead, AFL–CIO and OSHA urge us to excuse the tardy filing and rule on the merits in this case.

## II.

Time prescriptions that pace the initiation and prosecution of litigation vary in elasticity. Some time lines are flexible, others are unyielding. *Compare* Fed.R. Civ.P. 6(b) (subject to enumerated exceptions, district court has discretion to enlarge time for taking action) *with* Fed.R. App.P. 4(a)(5) (district court may extend by 30 days time for filing notice of appeal "upon a showing of excusable neglect or good cause"), Fed.R.Civ.P. 50(b) (limiting to 10 days time to move for judgment notwithstanding the verdict) *and* Fed.R.Civ.P. 60(b) (limiting to one year time for seeking relief from a final judgment on specified grounds).

Traditionally, courts have treated statutes of limitations and prescriptions designed to operate as statutes of limitations as flexible, *i.e.,* "subject to waiver, estoppel, and equitable tolling." *See Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). By contrast, statutory time limits on petitions for judicial review of agency action have been held "jurisdictional and unalterable" in a parade of this circuit's decisions. *See, e.g., UMW v. MSHA,* at 386; *Carter–Mondale Presidential Comm. v. FEC,* 711 F.2d 279, 283 (D.C.Cir.1983); *Kessenich v. CFTC,* 684 F.2d 88, 91 (D.C.Cir.1982); *Cities of Batavia, Naperville, et al. v. FERC,* 672 F.2d 64, 72–73 (D.C.Cir.1982); *Microwave Communications v. FCC,* 515 F.2d 385, 389 (D.C.Cir.1974). *See also Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978) (describing time limit for filing notice of appeal as "mandatory and jurisdictional");

*Ashby Enterprises v. Weitzman, Dym & Assoc.,* 780 F.2d 1043, 1045 (D.C.Cir.1986); *Alley v. Dodge Hotel,* 501 F.2d 880, 884 (D.C.Cir.1974); *Hodgson v. United Mine Workers,* 473 F.2d 118, 124 & n. 29 (D.C. Cir.1972).

■ Requirements genuinely "jurisdictional" are not judicially alterable; "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . ." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981). Court-declared exceptions to statutory time limits for filing petitions to review agency action, therefore, imply that those limits are incorrectly labeled "jurisdictional." *See Center for Nuclear Responsibility v. NRC,* 781 F.2d 935, 941 (D.C.Cir.1986) (observing that, although Supreme Court has called appellate time limits "jurisdictional," "the Court has recognized a narrow exception where the appellant is misled into delaying the filing of his notice by some action of the District Court"); *Eagle–Picher Indus. v. EPA,* 759 F.2d 905, 911 (D.C.Cir.1985) (calling statutory time limits on petitions for review of agency action "jurisdictional in nature" but noting that courts have entertained untimely claims "in a limited number of exceptional circumstances where the petitioner lacked a meaningful opportunity to challenge the agency action during the review period"); *see also Hallstrom v. Tillamook County,* —— U.S. ——, 110 S.Ct. 304, 311, 107 L.Ed.2d 237 (1989) (holding statutory notice and 60–day delay requirements "mandatory conditions precedent to commencing suit" but explicitly not determining whether the "mandatory conditions precedent" were also "jurisdictional in the strict sense of the term"); *Raton Gas Transmission Co. v. FERC,* 852 F.2d 612, 615 (D.C.Cir.1988) (listing rare instances "in which an objection to an agency regulation is considered timely even after the statutory review period has ended"). It may be most accurate to describe as "jurisdictional" an access-to-court rule that is in all instances unalterable, *i.e.,* never bends, while denominating simply "mandatory" a rule, of the kind before us here, that accommodates rare exceptions, *i.e.,* hardly ever bends.

■ AFL–CIO argues that bending the statutory deadline to excuse the day-late filing of its review petition draws support from *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971). That decision describes a test for denying retroactive effect to an assertedly new principle of law. The "new principle" here, AFL–CIO contends, is our interpretation of the term "prior to" in a statute's judicial review time prescription. Tellingly, AFL–CIO emphasizes, in *UMW v. MSHA the agency* moved to dismiss, successfully arguing that the petition for review, filed on the sixtieth day after MSHA's ruling, was untimely. In this case, by contrast, the agency shared the petitioner's misapprehension; OSHA itself consistently regarded petitions filed on the sixtieth day as timely. *See* 42 FED.REG. 65,166 (1977) ("petitions for review filed *later than the sixtieth day* . . . would be filed too late") (emphasis added).

However sympathetic one may be to the parties' plea of "mutual mistake," we are obliged to conclude that our reading of the OSH Act filing deadline reflects no new principle of law; *Huson,* therefore, does not aid AFL–CIO. Fully four years before AFL–CIO filed its petition for review, the Supreme Court had cautioned, in the course of deciding that "prior to" means "before": "[W]ith respect to filing deadlines a literal reading of Congress' words is generally the only proper reading of those words. . . . Faced with the inherent arbitrariness of filing deadlines, we must, at least in a civil case, apply by its terms the date fixed by the statute." *Locke,* 471 U.S. at 93–94, 105 S.Ct. at 1792; *see UMW v. MSHA,* at 387 (court "lacks authority" to entertain review petition filed a day late).

### Conclusion

In sum, given the Supreme Court's 1985 decision in *Locke* clarifying the meaning of the words "prior to" in a statutory deadline, and our comprehension of *Locke* in *UMW v. MSHA,* we are unable to categorize as sufficiently rare, compelling or ex-

ceptional AFL–CIO's plea to be heard on the merits in this case. For failure to meet a mandatory time limit, one our precedent impels us to apply on our own initiative, *see Microwave Communications*, 515 F.2d at 390 n. 25, AFL–CIO's petition for review is

*Dismissed.*