**OZARK MOUNTAIN REGIONAL REHABILITATION CENTER, INC., Plaintiff,**

v.

**DEPARTMENT OF HEALTH & HUMAN SERVICES, PROVIDER REIMBURSEMENT REVIEW BOARD, Defendant.**

**Civ. A. No. 91–0258.**

United States District Court, District of Columbia.

June 16, 1992.

General Counsel, Dept. of Health and Human Services, Washington, D.C., for Dept. of Health and Human Services.

Timothy S. Dust, Baker & Botts, Washington, D.C., for Ozark Mountain Regional Rehabilitation Center, Inc.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff in this Medicare case challenges a determination made by the Provider Reimbursement Review Board ("PRRB") that it lacked jurisdiction to hear plaintiff's cost appeal for the 1983 fiscal year.[1] Pending before the Court are the parties' cross-motions for summary judgment. For the reasons outlined below, the Court will grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

### FACTUAL BACKGROUND

Under the Medicare program, health care providers such as plaintiff are reimbursed for the costs they incur by fiscal intermediaries, private organizations designated by the Secretary of Health and Human Services ("the Secretary") to implement Medicare payment schemes. Each provider files an annual cost report with its intermediary at the end of each fiscal year, setting forth the reasonable costs it incurred during that year. The intermediary then analyzes and

---

1. Originally, this case involved plaintiff's 1983, 1984 and 1985 cost years, but the PRRB subsequently agreed to hear plaintiff's appeals of the 1984 and 1985 cost years. The parties agree that the only year remaining in dispute in this case is the 1983 cost year.

adjusts the cost report, in accordance with applicable regulations and guidelines, and finally issues a Notice of Program Reimbursement ("NPR"), which states the amount of allowable Medicare payments.

If a provider disputes the fiscal intermediary's determination, it may file an appeal before the Medicare administrative tribunal, the Provider Reimbursement Review Board ("PRRB"). *See* 42 U.S.C. § 1395oo(a) (1988). The Medicare statute requires a provider to satisfy three statutory prerequisites in order to be entitled to a PRRB hearing: (1) there must be a final payment determination; (2) the amount in controversy must be $10,000 or more; and (3) the provider must file its request for a hearing within 180 days after receiving notice of the intermediary's final determination. 42 U.S.C. § 1395oo(a)(1)–1395oo(a)(3) (1988).

Thus, once an NPR is issued, a provider has 180 days to file an appeal before the PRRB. However, the Secretary has promulgated a regulation which allows the PRRB to waive the 180–day time limit, if the PRRB determines that the provider has shown "good cause" for its untimely filing. 42 C.F.R. § 405.1841(b).

Plaintiff in this case is a provider of Medicare services. Plaintiff received the fiscal intermediary's NPR of its 1983 cost year on October 10, 1985. On September 23, 1988, plaintiff filed with the PRRB a formal appeal of the NPRs for 1983 and several other fiscal years. *See* Certified Record of PRRB Proceedings Concerning Ozark Mountain Rehabilitation Center's Request for Hearing, at 108 (hereinafter "Certified Record"). By letter dated February 12, 1990, the PRRB indicated that plaintiff's 1983 appeal was untimely filed and that the PRRB would consider whether "good cause existed to extend the filing time requirements as permitted under 42 C.F.R. § 405.1841." Certified Record, at 65. Plaintiff's attorney wrote two letters to the PRRB, dated March 6, 1990, and September 21, 1990, in which he indicated plaintiff's view that "the Board has exercised sufficient acceptance of this case and has had sufficient knowledge through oth-er notifications in a companion case for fiscal years August 31, 1980 and 1981, ... that the Board should be estopped from declining jurisdiction at this late date." Certified Record, at 42.

On October 2, 1990, the PRRB determined that plaintiff had not complied with the 180–day time limit for filing an appeal of its 1983 NPR, and further, that plaintiff had failed to demonstrate good cause for its failure to file a timely appeal. The PRRB therefore refused to exercise jurisdiction over plaintiff's appeal. Certified Record, at 38–39. On October 25, 1990, plaintiff requested a reconsideration of the PRRB's determination that it lacked jurisdiction; the request was denied by the PRRB on December 3, 1990. Plaintiff filed this case on February 7, 1991, seeking to reverse the PRRB's decision.

## DISCUSSION

Defendant raises two principal arguments in its motion for summary judgment. First, defendant claims that this Court lacks jurisdiction over the case because plaintiff failed to meet the statutory jurisdictional prerequisites to administrative and judicial review set out in 42 U.S.C. § 1395oo(a). Specifically, defendant argues that plaintiff's failure to appeal the 1983 NPR within 180 days, as required by 42 U.S.C. § 1395oo(a)(3), precludes jurisdiction over its claim by the PRRB and by this Court. Alternatively, defendant asserts that, even if this Court does have jurisdiction over the PRRB's denial of plaintiff's appeal, it should dismiss plaintiff's claim because the PRRB did not abuse its discretion in refusing to grant plaintiff a "good cause" waiver.

### A. *Jurisdiction Over Plaintiff's Claim*

Under the Medicare Act, the sole route for a provider to obtain judicial review of disputed reimbursement claims is found in § 1395oo(f)(1) of the Medicare Act. Under this provision, providers "have the right to obtain judicial review of any final decision of the Board...." 42 U.S.C. § 1395oo(f)(1). Therefore, the question before this Court is whether the PRRB's re-

fusal to hear plaintiff's claim is a "final decision" within the meaning of the statute.

Defendant argues that, by waiting almost three years to appeal its NPR, plaintiff failed to file a timely appeal and thus failed to meet one of the fundamental prerequisites to PRRB jurisdiction set out in § 1395oo(a)(3). Because the PRRB lacked jurisdiction to decide plaintiff's case, defendant reasons, the PRRB could not render a "final decision" over the dispute. Although plaintiff concedes that its appeal was untimely under the statute, plaintiff argues that the PRRB's decision not to exercise jurisdiction over plaintiff's claim was nevertheless a "final decision" within the meaning of § 1395oo(f)(1). Plaintiff relies on the regulation promulgated by the Secretary, 42 C.F.R. § 405.1841(b), which grants the PRRB discretion to extend the 180–day time limit for good cause. Thus, the Secretary's own regulation extends the jurisdictional time limit under certain circumstances.

The question of whether a court may review a PRRB decision denying jurisdiction over a provider's case, where the provider has failed to meet the jurisdictional time limit set by statute, and the related question of the validity of the Secretary's regulation extending that time limit, has been addressed by several courts. However, there is a split in circuit authority on this issue. In similar cases before the Eighth and Eleventh Circuits, the courts concluded that the Secretary does *not* have authority to extend the time limit set in § 1395oo(a)(3) and that therefore the regulation at 42 C.F.R. § 405.1841(b) is invalid. *See St. Joseph's Hospital of Kansas City v. Heckler,* 786 F.2d 848 (8th Cir.1986); *Alacare Home Health Servs. Inc. v. Sullivan,* 891 F.2d 850 (11th Cir.1990). Because they determined that the Secretary's regulation was invalid, the Eighth and Eleventh Circuits concluded that courts lack jurisdiction to review a PRRB decision not to hear a provider's appeal, where the provider did not meet the 180–day time limit for filing the appeal. Such a decision by the PRRB, they held, is not a "final decision" within the meaning of § 1395oo(f) of the Medicare

statute. *St. Joseph's,* 786 F.2d at 853; *Alacare,* 891 F.2d at 856.

The Ninth Circuit came to the opposite conclusion in *Western Medical Enterprises, Inc. v. Heckler,* 783 F.2d 1376 (9th Cir. 1986). The court in *Western Medical* held that the Secretary *did* have the authority to extend the 180–day time limit, that 42 C.F.R. § 405.1841(b) was valid, and that the PRRB's decision not to exercise jurisdiction over a provider's claim was subject to court review. *Id.* at 1380–81.

The Court notes that every circuit court which has found jurisdiction lacking in such cases as this has necessarily also found the Secretary's regulation invalid. However, the Secretary insists, not only that this Court lacks jurisdiction, but that the regulation is valid, although he concedes that the Secretary's authority to promulgate § 405.1841(b) may be "at the outer limits of his rulemaking authority." Defendant's Supp. Mem. at 6. The Court finds this position inconsistent. If the Secretary had never promulgated a regulation allowing a time extension, there is no doubt that the Court would not have jurisdiction over this case, because plaintiff concedes that it did not meet the statutory time limit. Because the PRRB would not have had jurisdiction over plaintiff's case, this Court would also have lacked jurisdiction.

However, because the Secretary *has* promulgated § 405.1841(b), it appears fundamentally inconsistent for him to argue at this point that, although the PRRB's jurisdiction has been extended in certain cases, this Court's jurisdiction to review PRRB decisions in those situations has not also been extended. This Circuit has held that "a decision by the PRRB refusing to exercise jurisdiction is, for the purpose of 42 U.S.C. § 1395oo(f)(1), a final decision sufficient to permit judicial review." *Athens Community Hosp., Inc. v. Schweiker,* 686 F.2d 989, 994 (D.C.Cir.1982). As the *Athens* court pointed out, "if a refusal by the PRRB to exercise jurisdiction were not reviewable, 'the PRRB could effectively preclude any judicial review of its decisions simply by denying jurisdiction of those claims that it deems to be non-meritori-

ous.' " *Id.* at 993 (citation omitted). Other courts have found authority to review PRRB decisions refusing to exercise jurisdiction over provider appeals, when the provider *disputes* the existence of PRRB jurisdiction. *See, e.g., Tucson Medical Ctr. v. Heckler,* 611 F.Supp. 823 (D.D.C.1985), *aff'd sub nom. Washington Hosp. Ctr. v. Bowen,* 795 F.2d 139 (D.C.Cir.1986).

In this case, plaintiff does not dispute that it failed to meet the statutory requirements for PRRB jurisdiction, but it disputes the PRRB's contention that it did not meet the regulatory requirements for extension of PRRB jurisdiction. If the regulation is valid, then PRRB jurisdiction can be extended in certain circumstances. The PRRB's decision not to exercise its jurisdiction here, where plaintiff argues that it could and should have done so, would therefore be a "final decision" within the meaning of *Athens.*

■ Turning to the issue of the regulation's validity, there is little in the legislative history of § 1395oo(f)(1) to guide the Court in determining whether Congress intended the 180–day time limit to be a mandatory prerequisite to PRRB jurisdiction.[2] The House Report states that provider appeals "must be filed within 180 days of the fiscal intermediary's final determination," but it is silent as to the Secretary's authority to extend that deadline. H.R.Rep. No. 231, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.C.C.A.N. 4989, 5094. In its explanation to the provisions governing the PRRB, the Senate Report notes that the PRRB will be "authorized to make rules and establish procedures necessary to its operation in accordance with regulations established by the Secretary of Health, Education and Welfare." Sen.Rep. No. 1230, 92d Cong., 1st Sess., at 248–49 (1972). Thus, the Senate Report acknowledges a certain amount of discretion vested in the

Secretary over the operations of the PRRB. The purpose underlying the establishment of the PRRB was to offer Medicare providers who disputed their fiscal intermediaries' NPRs a forum for administrative and judicial relief. Normally, a court gives great weight to the responsible agency's interpretation of the statute it administers. In this case, the Secretary's promulgation of a regulation extending the time limit for filing an appeal to the PRRB is consistent with the statute's overall purpose of offering providers an avenue for administrative review. More importantly, Congress has not expressed any intent contrary to the Secretary's interpretation of the statute. Thus, the Court determines that § 405.-1841(b) is valid, and that this Court has jurisdiction over the instant dispute.

B. *Abuse of the Secretary's Discretion*

Plaintiff concedes that the Court's scope of review for this discretionary action by the PRRB is narrow. The appropriate standard of review is set out at 42 U.S.C. § 1395oo(f)(1), which incorporates the Administrative Procedure Act ("APA") at 5 U.S.C. § 706(2)(A). That standard requires the Court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."

■ Plaintiff claims that the PRRB's decision not to grant plaintiff a good cause waiver was such an abuse of discretion. First, plaintiff claims that it was entitled to an adjudicatory hearing on the issue of whether it had demonstrated "good cause" for its late filing, and that the Secretary's failure to provide such a hearing violates both the APA and plaintiff's constitutional right to due process. Section 554(a) of the APA states that an agency must provide an adjudicatory hearing "in every case of ad-

---

**2.** Here again, the inconsistency in the Secretary's arguments concerning his authority to promulgate § 405.1841(b) is apparent. At oral argument, counsel for the Secretary maintained that the language and legislative history of 42 U.S.C. § 1395oo(f)(1) clearly establish that Congress intended the 180–day time limit to be a mandatory, non-waivable prerequisite to PRRB jurisdiction. Yet, if this is true, the Secretary would necessarily lack authority to contradict Congressional intent by extending that time limit for any reason. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984) ("If the intent of Congress is clear, that is the end of the matter.").

judication *required by statute* to be determined on the record after opportunity for an agency hearing." 5 U.S.C. § 554(a) (1988) (emphasis added). However, plaintiff cannot identify any language in the statute which requires the agency to provide a hearing when a provider disputes the jurisdictional determination made by the PRRB. In the absence of such statutory language, an agency is not required by the APA to conduct a hearing. *Wong Yang Sung v. McGrath*, 339 U.S. 33, 50, 70 S.Ct. 445, 454, 94 L.Ed. 616 (1950) (hearings "of less than statutory authority" are exempted from APA requirements); *Koniag, Inc., Village of Uyak v. Andrus*, 580 F.2d 601, 609 (D.C.Cir.) (agency determinations made pursuant to statute need not comply with APA requirements for adjudications where statute does not require that such determinations be made "on the record after an opportunity for an agency hearing"), *cert. denied*, 439 U.S. 1052, 99 S.Ct. 733, 58 L.Ed.2d 712 (1978).

█ Plaintiff's constitutional argument must also fail. It is a fundamental of administrative law that notice and hearing are only required for the taking of rights or property. What is being taken in this case is a discretionary extra-statutory benefit created by the Secretary. Plaintiff's interest in receiving this benefit does not rise to the level of statutory entitlement sufficient to implicate due process concerns. Cf. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Plaintiff's second argument rests primarily upon the contention that the PRRB had prior constructive notice of plaintiff's intent to appeal, through plaintiff's appeal of its 1980 and 1981 cost years. Specifically, plaintiff relies on a position paper which it filed in support of its 1980 and 1981 cost year appeal. The position paper was filed on October 27, 1986, and it includes the following statement: "Although only the FYE 1980 and FYE 1981 cost reports are currently on appeal before this Board, this controversy has continued with respect to FYE 1982 and FYE 1983. The Provider requests that this Board order reimbursement for those fiscal years also." Certified Record, at 29. Plaintiff insists that this statement provided defendant with constructive notice of plaintiff's dispute concerning the 1983 cost year and that such notice was presented to defendant "in a form and manner that complies with the Defendant's own regulations and Hearing Manual."

Plaintiff is simply wrong. The regulations governing appeals of cost years to the PRRB are found at 42 C.F.R. § 405.1841. Section 405.1841(a) states that a request for a Board hearing "must identify the aspects of the determination with which the provider is dissatisfied, explain why the provider believes the determination is incorrect in such particulars, and be accompanied by any documenting evidence the provider considers necessary to support its position." While it may be true, as plaintiff argues, that the PRRB Hearing Manual allows requests for PRRB hearings to be "in the form of a letter, petition, or pleading, or any other reasonable form," it is also true that the regulation requires such requests to include the elements cited above. The position paper which plaintiff holds out as notice of its intent to appeal the 1983 cost year simply does not contain any of the particulars required by § 405.-1841(a).

Moreover, even if the Court were to hold that the position paper gave defendant notice of plaintiff's intent to appeal the 1983 cost year, the fact remains that, for this notice to be timely under the statute and regulations, it should have been filed by April 10, 1986, 180 days after plaintiff's receipt of the 1983 decision. It was not filed until October 27, 1986.

█ Plaintiff also argues that the provider assumed that its counsel would take care of perfecting appeals in all of the cost years disputed by the provider. Plaintiff claims that the provider did not realize until 1988 that its counsel had failed to perfect those appeals. It insists that the provider should not be held accountable for the neglect of its counsel. While it is unfortunate that the provider is suffering the repercussions of counsel's neglect, the PRRB's failure to acknowledge this excuse

**22**

as "good cause" does not constitute an abuse of discretion.

The Court thus concludes that the PRRB's refusal to grant plaintiff a "good cause" waiver was not arbitrary and capricious.

### CONCLUSION

The Court concludes that it has jurisdiction to review the PRRB's refusal to grant plaintiff a "good cause" waiver of the 180-day time limit, and that the Secretary's regulation establishing such a waiver, at 42 C.F.R. § 405.1841(b), is valid. However, the PRRB's decision that plaintiff did not demonstrate "good cause" for its late filing was not arbitrary and capricious, nor was it an abuse of the agency's discretion. Thus, the Court hereby denies plaintiff's motion for summary judgment and grants defendant's cross-motion for summary judgment.