The **KIDNEY CENTER OF HOLLYWOOD**, et al., Plaintiffs,

v.

**Donna E. SHALALA, Secretary, U.S. Department of Health and Human Services, Defendant.**

**No. Civ.A. 98–0912 (JR).**

United States District Court, District of Columbia.

Aug. 30, 1999.

**52**

Eugene A. Massey, Arent Fox Kintner Plotkin & Kahn, Washington, DC, for plaintiffs.

Sonia Orfield, Office of the General Counsel, Department of Health and Human Services, Washington, DC, for defendant.

## MEMORANDUM OPINION

ROBERTSON, District Judge.

Plaintiffs are ten affiliated healthcare providers aggrieved by a decision by the Medicare Provider Reimbursement Review Board ("Board" or "PRRB") dismissing their claims for certain costs they incurred during the 1987 cost reporting year. They sue for judicial review and reversal of that decision and of subsequent decisions by the Board and the Administrator of the Health Care Financing Administration ("HCFA") refusing to reinstate their claims. The Government moves to dismiss. For the reasons set forth below, the motion must be granted, although not for the reasons advanced by the Government.

## BACKGROUND

A. *Statutory and regulatory framework*

A healthcare provider seeking reimbursement from the Secretary of Health and Human Services for services to Medicare patients must submit an annual cost report to a fiscal intermediary (typically an insurance company), which acts as paying agent under contract with the Secretary. *See* 42 C.F.R. § 413.20 (1997). The fiscal intermediary analyzes the cost report and issues a final determination in the form of a Notice of Program Reimbursement ("NPR"), that sets forth the amount of allowable Medicare payments. *See* 42 C.F.R. § 405.1803(1) (1997).

A provider wishing to appeal the intermediary's determination has 180 days after receiving the NPR to request a hearing before the Medicare Provider Reimbursement Review Board. *See* 42 U.S.C. § 1395oo(a)(3) (1994). The Board is an administrative tribunal established specifically to adjudicate reimbursement disputes. The Administrator of HCFA, who is the Secretary's delegate in these matters, may review any Board decision on her own motion, or on the motion of a party or HCFA. *See* 42 C.F.R. § 405.1875(a)(1) (1997). If HCFA or a party wishes the Administrator to review a Board decision, it must file a written request within 15 days of the receipt of a Board decision, *see* 42 C.F.R. § 405.1875(b), but such a request does not ensure that the Administrator will grant the review. *See* 42 C.F.R. § 405.1875(d)(2).

The Secretary's regulations provide another way for a dissatisfied provider to seek administrative revision of a reimbursement decision. A decision at any administrative level—intermediary, Board, or Administrator—may be *reopened,* within three years, on the motion of the Board, or the Administrator, or the provider. *See* 42 C.F.R. § 405.1885(a) (1997). However, "[j]urisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c).

Before a provider may seek judicial consideration of a claim under 42 U.S.C. § 1395oo, it must at least have presented a claim to the Board and obtained a "final decision" by the Board. *See* 42 U.S.C. § 1395oo(f)(1); *Ass'n of American Medical Colleges v. Califano,* 569 F.2d 101, 110 (D.C.Cir.1977). The Board's decision on a provider's appeal becomes final and subject to judicial review, unless the HCFA Administrator, at her discretion, and within 60 days following the provider's receipt

of the Board's decision, reverses, affirms, or modifies it. *See* 42 U.S.C. § 1395oo(f)(1). And, "[i]f the Administrator declines to review a Board decision, the provider must file an appeal [with the appropriate district court] within 60 days of receipt of the decision of the Board." 42 C.F.R. § 405.1877(b) (1997).

### B. *Procedural history*

The plaintiff-providers are all owned and operated by Fresenius Medical Care, North America Inc. ("FMC"). In November of 1990, FMC (then doing business as National Medical Care, Inc.) timely appealed to the Board from the intermediary's determinations for the 1987 cost reporting year. Four and a half years later(!), in April 1995, the Board issued a scheduling order to FMC and the intermediary, requiring them to file position papers[1] by June 1, 1998, with a hearing anticipated in January of 1999(!!). In June 1995, the Board issued a second scheduling order, revising the deadline for final position papers to February 1, 1996, with a hearing expected in June 1996. FMC signed a certified mail receipt for this second scheduling order, *see* Certified Record, at 78, but evidently misfiled it. FMC failed to file the required position papers by the new deadline, and the intermediary moved to dismiss the appeals for abandonment. The Board granted the motion to dismiss

on October 21, 1996. On December 2, 1996, FMC petitioned the Board for reinstatement of its appeals, arguing that it did not have notice of the revised schedule. This request was denied on May 12, 1997. On August 5, 1997, well after the 60–day statutory period in which to seek judicial review of the Board's original decision, and more than 60 days after the Board's May 12, 1997 decision not to reinstate the appeals, but still within the three year period in which to move to reopen, FMC again petitioned the Board for reinstatement. This second petition for reinstatement advanced an argument related to plaintiffs' other ongoing appeals of Medicare reimbursement decisions.[2] On January 14, 1998, the Board denied FMC's second petition for reinstatement. On February 13, 1998, FMC sent a written request to the HCFA Administrator, seeking her review of the Board's refusal to reopen. On March 27, 1998, the HCFA Attorney Advisor (which reviews incoming motions) informed FMC that the Administrator would not review the Board's decision. The Attorney Advisor's letter indicated that the plaintiffs' request had not reached HCFA until February 18, 1998, and was thus untimely in light of the 15–day limitation on petitioning for such review. *See* Certified Record, at 1 (citing 42 C.F.R. § 405.1875(b)). The letter also explained that the Attorney Advisor's office had not

1. *See* Medicare Provider Reimbursement Manual ("PRM"), HCFA Pub. 15–1, Part 1, § 2921.5 (Sept.1993) (explaining purpose of position papers).

2. Beginning with the 1985 cost reporting year, plaintiffs have annually challenged the regulation capping reimbursements for "Medicare bad debts." Medicare bad debts accrue when beneficiaries default on their required co-payments, and providers' bona fide efforts at recovery fail. The 1985 case was appealed to the Board and the HCFA Administrator, and eventually judicial review was sought. The district court, Judge Johnson, affirmed the Secretary's decision to deny plaintiffs additional reimbursements for Medicare bad debts. *See The Kidney Center of Hollywood, et. al. v. Shalala,* No. 94–CV–01459 (D.D.C. Jan. 24, 1996). The D.C. Cir-

cuit later remanded the case with instructions for the Secretary to either jettison entirely or more adequately justify the bad debt cap. *See The Kidney Center of Hollywood, et. al. v. Shalala,* 133 F.3d 78 (D.C.Cir.1998). The remanded matter is still pending before the Secretary.

Plaintiffs' August 5, 1997, request for reinstatement thus argued that since the ongoing litigation "raises [the] same issues" of law and fact as those contained in the 1987 appeals, and that, since the Board was well aware of the "bad debt" arguments advanced by plaintiffs in the past, the decision to dismiss for failure to file position papers was inequitable. *See* Certified Record, at 66. The August 5 petition did not argue for reinstatement on the basis of new evidence or changed circumstances.

received plaintiffs' request until March 27, 1998—after the expiration of 60–day statutory period during which the Administrator could review a Board decision. *See* Certified Record, at 1 ("Administrator bound by the 60–day statutory time period for review for which there is no cause for extension."). FMC filed the complaint in this action on April 10, 1998, more than 60 days from the date on which it received notice of the Board's January 14 decision.

## ANALYSIS

Plaintiffs argue that the Board's decision to dismiss the appeals as well as its two subsequent decisions not to reinstate the appeals were arbitrary and capricious and an abuse of discretion under 5 U.S.C. § 706. They seek an order setting aside the Board's denial of the two petitions for reinstatement and consolidating the 1987 cost report appeals with plaintiffs' other pending cost report appeals.[3] The Government's motion to dismiss invokes Fed. R.Civ.P. 12(b)(6), and argues that the Board's decision to dismiss, as well as its subsequent decisions to deny reinstatement of the appeals, are not subject to review under 5 U.S.C. § 701(a)(2). The government's motion does not invoke Fed. R.Civ.P. 12(b)(1), but "it is incumbent upon federal courts—trial and appellate—to constantly examine the basis of jurisdiction," *sua sponte* if necessary. *Save the Bay, Inc. v. U.S. Army, et. al.,* 639 F.2d 1100, 1102 (5th Cir. Feb.1981) (citing Fed. R.Civ.P. 12(h)(3); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). After examining the basis of the jurisdiction claimed by plaintiffs, I have concluded that it is inadequate.

The judicial review provision of the Medicare Act provides, in relevant part:

(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification of the Secretary is received.

42 U.S.C. § 1395*oo*(f)(1).

▬▬ The Board's October 21, 1996, order dismissing plaintiffs' claims was a final decision of the Board, from which an appeal could be taken. Yet plaintiffs sought neither judicial review within 60 days nor review by the HCFA Administrator within 15 days. Instead they moved to reopen the claims on December 2, 1996. The well-established rule in this Circuit is that when a timely motion for reconsideration or reopening is made, the statutory period in which to seek judicial review does not begin to run until the motion is acted upon by the appropriate administrative body. *See ICC v. Bhd. of Locomotive Engineers,* 482 U.S. 270, 284–85, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (citing *Outland v. CAB,* 284 F.2d 224, 227 (D.C.Cir. 1960)). *See also Stone v. INS,* 514 U.S. 386, 391–92, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Plaintiffs' motion to reopen was filed within 60 days of October 21, 1996, and therefore was timely for the purposes of preserving the right to seek judicial review of the Board's original decision to dismiss. Indeed, once the plaintiffs filed their December 2, 1996, motion to reopen, they did not again obtain the right to seek judicial review until the date of the Board's subsequent denial of that motion, on May 12, 1997. *See Stone,* 514 U.S. at 392, 115 S.Ct. 1537; *Columbia Falls Alu-*

---

**3.** Plaintiffs have eight other appeals pending with the Board, covering the cost reporting years 1988 through 1995. On November 28, 1997, upon a joint motion filed by the plaintiffs and the fiscal intermediary, the Board consolidated these appeals and placed them in abeyance pending a final judicial decision in the 1985 case. *See* Certified Record, at 5–10.

*minum Co. v. EPA,* 139 F.3d 914, 919 (D.C.Cir.1998).

Plaintiffs failed to seek judicial review within 60 days of the May 12, 1997, Board denial, however. Moreover, although they might have revived their claim, or some portion of it, by timely seeking judicial review of the Board's January 14, 1998, denial of the motion to reopen filed August 5, 1997, plaintiffs allowed more than 60 days to elapse after that action as well, commencing this suit only on April 10, 1998.

Plaintiffs' last attempt to secure administrative review, addressed to the Administrator of the HCFA, was not effective to secure another stay of the 60–day limitation period for seeking judicial review, because the Administrator did not have jurisdiction to hear it. The 60–day limitation period for seeking judicial review is jurisdictional. This action was filed well outside that period and must accordingly be dismissed for lack of jurisdiction.

1. *The petition to the HCFA Administrator did not stay the 60–day limitation period*

█ The regulation that authorizes administrative reopening within three years provides that, "[j]urisdiction for reopening a determination ... rests exclusively with that administrative body that rendered the last determination or decision." 42 C.F.R. § 405.1885(c). The Supreme Court recently relied on this provision when affirm-ing a Board decision to deny jurisdiction over an appeal from an intermediary's refusal to reopen its final determination. *See Your Home Visiting Nurse Services v. Shalala,* 525 U.S. 449, 119 S.Ct. 930, 933, 142 L.Ed.2d 919 (1999). In *Your Home,* plaintiff failed to seek Board review of an intermediary's determination within 180 days, but did ask the intermediary to reopen its determination within three years. When the intermediary denied the request, plaintiff appealed that denial to the Board. The Board dismissed the appeal on the ground that 42 C.F.R. § 405.1885 divested it of jurisdiction to review an intermediary's refusal to reopen a reimbursement determination. The Supreme Court upheld this interpretation, agreeing that Board review of intermediary's refusal to grant reopening would divest the intermediary of its " 'exclusiv[e]' 'jurisdiction for reopening a determination.' " *Your Home,* at 933. *See also St. Mary of Nazareth Hosp. Ctr., et. al. v. Schweiker,* 741 F.2d 1447, 1449 (D.C.Cir.1984) (per curiam) ("the intermediary alone decides whether to reopen"). Here, too, review by the HCFA Administrator of the Board's refusal to reopen plaintiffs' dismissed claims would divest the Board of its "exclusive jurisdiction." [4]

2. *The 60–day period for seeking judicial review is jurisdictional*

█ The question whether the Medicare Act's 60–day limit is a jurisdictional pre-

---

4. Even if the HCFA Administrator had jurisdiction to hear plaintiffs' request to review a Board's refusal to reopen, the untimeliness of the request deprives plaintiffs of the benefit of the *Locomotive Engineers* rule, *supra.* Nor is this case like *Athens Community Hosp., Inc. v. Schweiker,* 686 F.2d 989 (D.C.Cir.1982), *modified on reh'g on other grounds,* 743 F.2d 1 (1984), *overruled on other grounds by Bethesda Hosp. Ass'n v. Bowen,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988), in which a Board refusal to exercise jurisdiction was found to be a "final decision" permitting judicial review. *See Athens,* at 993–94. *See also Ozark Mountain Reg'l Rehabilitation Ctr., Inc. v. Dep't of Health and Human Services, Provider Reimbursement Review Bd.,* 798 F.Supp. 16, 20 (D.D.C.1992). Appealing to the HCFA Ad-ministrator was not necessary to exhaust administrative remedies, *compare Athens,* at 992–93 (citing *Ass'n of American Medical Colleges* ), and the regulations providing a 15–day deadline to request review by the HCFA Administrator did not provide for discretionary extensions of time, *compare Ozark Mountain.* Granting judicial review of an Administrator's refusal to review a Board's decision would render every Board decision nonfinal for the purposes of judicial review—a result contrary to the purpose behind 42 U.S.C. § 1395oo(f)(1). *See* H.R.Conf.Rep. No. 93–1407, at 3 (1974), *reprinted in* 1974 U.S.C.C.A.N. 5992, 5996 (provision intended to "permit judicial review of the Board's unmodified findings").

requisite for judicial review or a waivable, statute of limitations defense is technically one of first impression in the D.C. Circuit, but "statutory time limits on petitions for judicial review of agency action have been held 'jurisdictional and unalterable' in a parade of this circuit's decisions." *AFL— CIO v. OSHA*, 905 F.2d 1568, 1570 (D.C.Cir.1990) (citing *International Union, United Mine Workers v. Mine Safety and Health Admin.*, 900 F.2d 384, 386 (D.C.Cir.1990); *Carter/Mondale Presidential Comm. v. FEC*, 711 F.2d 279, 283 (D.C.Cir.1983); *Kessenich v. CFTC*, 684 F.2d 88, 91 (D.C.Cir.1982); *Cities of Batavia, Naperville, et. al. v. FERC*, 672 F.2d 64, 72–73 (D.C.Cir.1982); *Microwave Communications, Inc. v. FCC*, 515 F.2d 385, 389 (D.C.Cir.1974)). *See also Spannaus v. FEC*, 990 F.2d 643, 644 (D.C.Cir.1993); *Freeman Engineering Associates, Inc. v. FCC*, 103 F.3d 169, 177 (D.C.Cir.1997).

District Courts in Virginia and Alabama have concluded that the 60–day limitation .is a statute of limitation defense, waivable by the Secretary. *See Bedford County Mem'l Hosp. v. Heckler*, 583 F.Supp. 367, 371 (W.D.Va.1984); *Lloyd Noland Hosp. and Clinic v. Heckler*, 619 F.Supp. 1, 4 (N.D.Ala.1984), *modified on other grounds*, 762 F.2d 1561 (11th Cir.1985). The Virginia court, in *Bedford*, observed that, "key jurisdictional provisions in Title II, 42 U.S.C. § 405 [Old Age, Survivors, and Disability Insurance under the Social Security Act], have been incorporated by reference into the Medicare Statute (Title XVIII)," *Bedford*, at 370 (citing 42 U.S.C. § 1395ii), and that Title II and Title XVIII have "parallel" provisions governing the availability of judicial review, and reasoned that "analysis under Title XVIII should track case law construing the parallel provision of Title II." *Bedford*, at 371. The court concluded that the Medicare Act's 60–day limitation should be waivable, just as the Supreme Court found the 60–day limit waivable in the context of individual benefits under the Social Security Act in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct.

2457, 45 L.Ed.2d 522 (1975). *See Bedford*, at 371.

The problem with that reasoning is that the Medicare Act, 1395ii, did not incorporate the *judicial review* provision of Title II, 42 U.S.C. § 405(g), into the Medicare Act. Indeed, the D.C. Circuit has stated that,

Section 205(g) [42 U.S.C. § 405(g) ] has been merged into the Medicare Act only for certain purposes.... 42 U.S.C. § 1395ff(b) (1970 & Supp. V 1975) authorizes judicial review pursuant to § 205(g) of challenges by individuals to determinations on eligibility for Medicare benefits or the amounts thereof. 42 U.S.C. § 1395pp(d) (Supp. V 1975) conditionally affords a provider the same rights that an individual has under § 1395ff(b) with respect to certain claims for expenses believed at least by the recipient of the services to be covered by the Medicare Act but actually excluded. [*i.e.*, where the beneficiary knew or should have known that a service was not medically necessary], *in all other respects, administrative and judicial consideration of provider-cost reimbursement disputes is governed by § 1395oo of the Medicare Act.*

*Ass'n of American Medical Colleges v. Califano*, 569 F.2d at 106 n. 53 (emphasis added). *See also Humana of South Carolina, Inc. v. Califano*, 590 F.2d 1070, 1075 (D.C.Cir.1978).

Close comparison of § 405(g) and § 1395oo(f)(1) reveals a significant difference between the two provisions. Whereas § 405(g) states that individuals may obtain judicial review by filing "within sixty days ... *or within such further time as the Commissioner of Social Security may allow*," 42 U.S.C. § 405(g) (emphasis added), § 1395oo(f)(1) contains no such grant of discretion to the Secretary. *See* 42 U.S.C. § 1395oo(f)(1) ("Providers shall have the right to obtain judicial review ..., by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or ... by the

Secretary is received."). The Secretary's interpretation of § 1395oo(f)(1) makes it even clearer: "If the Administrator declines to review a Board decision, the provider *must file its appeal* within 60 days of receipt of the decision of the Board." 42 C.F.R. § 405.1877(b) (emphasis added). *See also* PRM § 2928(A) ("Within 60 days of the date of receipt of the Board's or Administrator's decision, the provider . . ., if it wishes to appeal, must file an action [in the appropriate district court].").

The clarity of the statutory language and the regulations, in combination with the "parade" of cases holding statutory time limits on petitions for review of agency decisions "jurisdictional and unalterable," compel the conclusion that the Medicare Act's 60–day limitation period for seeking judicial review of administrative decisions in provider-cost reimbursement cases is also jurisdictional.

\* \* \* \* \* \*

An appropriate order accompanies this memorandum.

## ORDER

UPON CONSIDERATION OF the record and for the reasons stated in the accompanying memorandum opinion, it is this 27th day of August, 1999

ORDERED that plaintiffs' motion for summary judgment[1] [# 13] is **denied.** It is

FURTHER ORDERED that defendant's motion to dismiss [# 14] is **granted,** not for failure to state a claim upon which relief may be granted, but for lack of subject matter jurisdiction.

---

1. Because plaintiffs' Motion for Judgment on the Pleadings relies on documents contained in the Certified Record, their Motion should be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(c).